THE STATE v. ARMSTRONG, Appellant.

Division Two, December 2, 1902.

1. **Burglary and Larceny:** SUFFICIENCY OF EVIDENCE. Evidence in a prosecution for burglary and larceny examined and *held* sufficient to sustain a conviction.

2. ————: POSSESSION OF STOLEN PROPERTY: PRESUMPTION OF GUILT. Possession of stolen property three days after its taking is sufficient to raise a presumption of guilt.

3. ————: ————: ————: APPLICABLE TO BURGLARY. The presumption of guilt arising from the possession of stolen goods applies as well in the case of burglary as larceny.

4. ————: ————: ADMISSIONS: ADMISSIBILITY OF EVIDENCE. Evidence in a prosecution for burglary and larceny, showing possession of stolen property three days after its taking, of an admission made

by one defendant as to what had become of part of the stolen goods, and that a witness had met defendants on the road from the place of the crime to the town where they were found three days later, is properly admitted.

Appeal from Webster Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*L. O. Neider* for appellant.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries* for the State.

This case was properly submitted to the jury, under competent evidence with no prejudicial error against the defendant, and the instructions given were a clear and fair declaration of all the law of the case, and defendant having had a fair and impartial trial, the judgment should be affirmed.

SHERWOOD, P. J.—Prosecution for burglary and larceny; the defendants in the indictment being young men and brothers. Indictment in proper form.

On the 20th day of July, 1900, Mr. Hargus, a citizen of Webster county, who lives about eight miles east of Marshfield, took his family and went to a neighbor's to assist in threshing. When they returned home that evening they found that a window of the house had been pried up, the residence entered and some articles of clothing and a purse containing three dollars and twenty-five cents in money taken.

Defendants were seen to pass Mr. Hargus's home during that day and investigation resulted in finding them at the home of a brother at Lebanon, three days after the burglary. They were each wearing some of the goods or clothing they had secured from Mr. Hargus's home, and had some of the small trinkets in their possession. The testimony proved admissions they had

made, and also their effort afterwards to hide some of the clothing they had taken.

The defense entered was that of an alibi, alleging that they were in the woods during that day at work making ties. However, they failed to account for the possession of the property entirely, though they undertook to account for it partially, and the jury found them both guilty and assessed the penalty of each at three years for the burglary and two years for the larceny.

. Winfield Armstrong, one of the defendants in the indictment being a young man under fifteen years of age, upon motion his sentence was commuted to confinement in the Reform School for Boys at Boonville, Missouri, for the period of three years.

Defendant Charles Armstrong, after unsuccessfully filing the usual motions, has appealed. .

The evidence was amply sufficient for conviction, and the possession sufficiently recent to raise the customary presumption; and such recent possession raises such presumption as well in cases of burglary as larceny. [State v. Babb, 76 Mo. 501.]

The instructions were such as are usually given, including one about alibi.

All the evidence offered by defendants was admitted, and that admitted over objection of defendants related to the articles stolen from the house being in their possession and on their persons; to defendants being met on the railroad by a witness, when on their way to Lebanon, and to admissions made by Charles Armstrong to the prosecuting officer as to what had become of one of the shirts which had been stolen.

This evidence was entirely legitimate. .

There being no error found in the record, the judgment is affirmed.

All concur.