■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KNATZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 23, 1978, convicting him of manslaughter in the first degree and arson in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts upon which the judgment is based have been considered and are determined to have been established. Defendant was charged with murder in the second degree and arson in the second degree on the theory that he had stabbed Charles Flynn causing his death and had set Flynn's apartment afire on the morning of January 23, 1977. The People's case against defendant consisted almost entirely of incriminating statements made by defendant to his girlfriend, Theresa Lodico, and to police detectives. Criminal Term erred in several significant respects in its rulings on the admissibility of Lodico's testimony. Over objection, Lodico was permitted to testify that on the morning of Flynn's death, defendant made certain incriminating statements in his sleep, which he did not recall after he had awakened. The utterances were ambiguous in content and did not unequivocally relate to the subject crime. Furthermore, the circumstances in which the statements were purportedly made, in defendant's sleep, severely detract from their reliability, and in view of the prejudicial nature of the statements, it was error to admit them (see *People v Colon,* 52 PRR 399; *People v Robinson,* 19 Cal 40). The trial court also misapplied CPL

60.35, which defines the limited circumstances under which a party may impeach his own witness in a criminal case. At trial, Lodico's recall stopped short of any recollection that defendant had told her he had stabbed Flynn or that she had told a police detective of such a statement by defendant. The prosecutor attempted to refresh her recollection with a signed statement to that effect which she had given to a detective. When this proved unsuccessful, the prosecutor, over objection, was permitted to read to the jury Lodico's written statement, including her statement that defendant had told her that he had stabbed Flynn. This constituted error because Lodico's testimony that she did not recall whether defendant admitted stabbing decedent did not "tend to disprove" the People's case (see CPL 60.35, subd 1; *People v Fitzpatrick,* 40 NY2d 44, 51; *People v Jordan,* 59 AD2d 746). Rather than affirmatively damaging the prosecution, Lodico's testimony "merely failed to corroborate or bolster" the People's case. This is an insufficient basis to allow impeachment (see *People v Fitzpatrick, supra,* p 52). Similarly, the prosecutor was improperly allowed to impeach Lodico's trial testimony that defendant had told her that he had "cleaned the knife and put it down", with her Grand Jury testimony that defendant had told her that he had "cleaned the knife really good and * * * left it there." Such impeachment was clearly improper because the trial testimony did not tend to disprove the prosecutor's case (see CPL 60.35, subd 1; *People v Fitzpatrick, supra).* Moreover, the admission of Lodico's Grand Jury testimony, which was essentially duplicative of her trial testimony, improperly bolstered the People's case, particularly since the trial court failed to instruct the jury that the testimony did not constitute evidence-in-chief (see CPL 60.35, subd 2). A further error concerning Lodico's testimony was the court's restriction of defendant's cross-examination concerning Lodico's use of heroin or other drugs on the morning of Flynn's death and her use of heroin or methadone on the days on which she testified at trial. Lodico's drug use at the specific times at which her ability to perceive and recollect were most in question was a relevant issue which defense counsel should have been allowed to fully explore (see *People v Freeland,* 36 NY2d 518, 525). In view of the importance of Lodico's testimony to the prosecution's case, the above errors necessarily prejudiced the defendant and require that he be granted a new trial. Defendant was also prejudiced by the court having improperly advised the jury that it had denied defendant's motion to dismiss, and by various improprieties in the prosecutor's summation. Particularly flagrant examples include the prosecutor's reference to defense counsel's failure to prove certain things which defense counsel mentioned in his opening statement, the prosecutor's gross misrepresentation of events concerning the introduction of a certain tape into evidence, and the improper denigration of defendant, who did not testify, as the type of person who uses methadone. We have considered the other issues raised on appeal and find them to be without merit. Lazer, J. P., Rabin, Gulotta and O'Connor, JJ., concur.