**STATE of Missouri, Plaintiff-Respondent,**

v.

**Linda (Henson) PUCKETT, Defendant-Appellant.**

No. 42182.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 25, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied March 9, 1981.

Lenzie L. Leftridge, Jr., McIlrath, Maynard & Leftridge, Flat River, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, S. Francis Baldwin, Asst. Atty. Gen., Jefferson City, Gary E. Stevenson, Pros. Atty., Farmington, for plaintiff-respondent.

DOWD, Judge.

Defendant-appellant, Linda Henson Puckett, was charged with stealing property with a value of at least fifty dollars, in violation of Section 560.156 RSMo 1969, from the Jewel Box Jewelry Store located in Flat River, Missouri. On August 29, 1979, a jury found defendant guilty of the offense charged. Defendant was sentenced to a term of five years in the custody of the Department of Corrections.

On this appeal, defendant contends that the trial judge made certain prejudicial statements which had the effect of denying defendant a fair trial. Also, defendant challenges the sufficiency of the evidence to support a finding of any active participation by her in the offense charged, and the sufficiency of the circumstantial evidence adduced at trial to support her conviction.

Defendant's first contention, concerning alleged prejudicial remarks made by the trial judge, arose from the fact that defendant was not present in the courtroom when her trial was about to begin. Within the hearing of the jury panel and prior to voir dire, the following exchange occurred:

"THE COURT: Is the defendant ready, Mr. Leftridge?

MR. LEFTRIDGE (Defendant's counsel): No, your honor, the defendant is not present in the courtroom. The defendant presently, according to my best knowledge and information, is at home, your honor.

THE COURT: Mr. Bailiff, go tell the sheriff to go to the home of the defendant and bring her to this court immediately. Mr. Leftridge, you have communicated with your client and she knows this case is set for trial today, is that correct?

MR. LEFTRIDGE: Yes she does, your honor.

THE COURT: And there was a motion filed in this thing very recently, is that not correct?

MR. LEFTRIDGE: Yes, your honor, I did discuss this case with my client yesterday. May I approach the bench, your honor?

THE COURT: Yes, you may."

■ Defendant argues that the trial judge's remarks could have been construed by the jury panel to indicate that the defendant was trying to evade her trial or that law enforcement officers were necessary to obtain her presence in court,[1] and thus, defendant was prejudiced. The standard for determining if the trial court has acted improperly is whether the trial court's conduct is such as to prejudice the minds of the jury against defendant thereby depriving defendant of a fair and impartial trial. *State v. Hill*, 518 S.W.2d 682, 685 (Mo.App. 1975). Whether there was prejudice depends on the context and words in each case. *State v. Tash*, 528 S.W.2d 775, 782 (Mo.App.1975). The trial court must maintain a position of absolute impartiality, avoid any conduct which might be construed as indicating a belief on the part of the judge as to the guilt of defendant and the court should not demonstrate hostility toward the defendant. *State v. Hurd*, 550 S.W.2d 804, 806 (Mo.App.1977).

■ The trial court's remarks in this case did not indicate any attitude of hostility or bias against the defendant, or that the judge believed defendant was guilty of the crime charged. While it would have been more appropriate for the trial judge to discuss defendant's absence outside the hearing of the jury panel, we do not believe the statements here operated in any manner to deny defendant a fair and impartial trial.

Defendant next contends that the trial court erred in overruling her motion for judgment of acquittal because there was insufficient evidence of any affirmative act on the part of defendant to participate in or associate herself with the offense charged. Defendant relies on the circumstantial evidence standard for appellate review and argues that the facts and circumstances adduced at trial were inconsistent with her guilt and consistent with a reasonable hypothesis of her innocence.

■ In determining the sufficiency of the evidence we accept as true all evidence in the record tending to support the jury's finding of defendant's guilt, whether such evidence is direct or circumstantial in nature, together with favorable inferences that can reasonably be drawn therefrom and disregard all contrary evidence and inferences. *State v. Morgan*, 592 S.W.2d 796, 805 (Mo. banc 1980). Thus, defendant's evidence will be disregarded except as it aids the cause for the state. *State v. Jackson*, 519 S.W.2d 551, 553 (Mo.App.1975). When the state's case is based on circumstantial evidence, the facts and circumstances relied upon to establish guilt must be consistent with each other and with the hypothesis of defendant's guilt. The facts and circumstances must also be inconsistent with and exclude every reasonable hypothesis of defendant's innocence. But the circumstances need not be absolutely conclusive of guilt or demonstrate impossibility of innocence, and the mere existence of other possible hypotheses is not enough to remove the case from the jury. *State v. Morgan*, 592 S.W.2d 796, 805 (Mo. banc 1980); *State v. Franco*, 544 S.W.2d 533, 534–535 (Mo. banc 1976). Be-

---

1. Defendant's brief on this appeal stated that defendant arrived at the courtroom, "admittedly late, but brought by her brother."

fore outlining the relevant facts pursuant to our standard of review, we first set out the following legal principles which are applicable to this case.

■ For this conviction to stand there must be proof that the defendant associated with the venture or affirmatively participated in the offense in some manner. Affirmative participation may be shown by circumstantial evidence, and proof of any form of affirmative participation in the crime is sufficient to support a conviction. *State v. Nickelson*, 546 S.W.2d 539, 543 (Mo. App.1977). While the mere presence of an accused at the scene of a crime will not sustain a conviction, presence may be considered along with other incriminating evidence to determine if the total circumstances raise a reasonable inference that the accused was a participant in the offense charged. *State v. Chase*, 444 S.W.2d 398, 403 (Mo. banc 1968). Presence, companionship and conduct before and after the offense are circumstances from which one's participation in the crime may be inferred. *State v. Nickelson*, 546 S.W.2d 539, 543 (Mo. App.1977). Also, the possession of recently stolen property is a circumstance from which guilt may be inferred. *State v. Buffington*, 588 S.W.2d 512, 514 (Mo.App.1979). Furthermore, an attempt by an accused to deceive the police is another circumstance from which guilt may be inferred. *State v. Riley*, 536 S.W.2d 501, 504 (Mo.App.1976).

Defendant entered the Jewel Box Jewelry Store near closing time on July 31, 1978, accompanied by Thomas Puckett, who was to become defendant's husband approximately one month later. Defendant and Mr. Puckett told the store manager they were interested in wedding and engagement ring sets. The manager produced a tray of rings which was placed on the counter. The store manager testified that earlier in the day she had filled up this entire tray with wedding sets or tabs which indicated a set had been sold, so there were no empty spaces in the tray. Defendant tried on many rings in the tray, including one of the rings that was stolen from the store on this day.

Defendant indicated she was interested in more expensive rings. While the customers remained with a part-time store employee, the store manager left the counter to procure an expensive tray of rings located in the safe at the rear of the store. Defendant tried on one ring from this tray and stated that was the ring she desired. During this time, the store manager recalled that her full attention was directed at the expensive tray of rings rather than the first tray of less expensive rings. Defendant and Mr. Puckett, after stating they would return the next morning to buy the expensive ring, left the premises. The store manager immediately noticed that a ring set was missing from the tray of less expensive rings. Early the next day, a police officer found defendant wearing a ring which was later identified as one of the stolen rings from the jewelry store. Defendant testified that Thomas Puckett gave her the ring that morning, but admitted that she told the police officer her first husband had given it to her.

■ On this record, there is evidence or reasonable inference of defendant's presence at the scene of the crime, opportunity to commit the crime, possession of recently stolen property and an attempt to deceive the police concerning the stolen merchandise. We conclude, that from the circumstances presented in this case, the jury could infer that defendant was a participant in the theft of the ring set. Focusing on all the evidence tending to prove defendant's guilt, together with the favorable inferences that can reasonably be drawn therefrom, the evidence in this record satisfies the standard for circumstantial evidence cases. The facts and circumstances adduced at trial were properly consistent with each other, and inconsistent with defendant's innocence or any reasonably hypothesis of innocence. The trial court did not err in overruling defendant's motion for judgment of acquittal.

■ This finding disposes of defendant's related contention that the trial court erred in giving Instruction No. 5 at the trial, which was in the form of MAI-Cr 2.10

(Parties: General Responsibility for the Conduct of Others). This instruction should be given where there is evidence the defendant was an active participant in the crime, aided or encouraged other participants or was a conspirator with others to commit the offense. MAI-CR 2.10, Note 1. Because there was sufficient evidence to infer that defendant was an active participant in this crime there was no error in giving the instruction. *State v. Knabe*, 538 S.W.2d 589, 593–594 (Mo.App.1976); *State v. Poor*, 533 S.W.2d 245, 249 (Mo.App.1976).

Judgment affirmed.

STEPHAN, P. J., and STEWART, J., concur.