**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Eugene JOLLIFF, Defendant-Appellant.**

**No. 44692.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 24, 1982.

Ted F. Frapolli, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant was convicted by a jury of second degree robbery in violation of § 569.030 RSMo. 1978, and sentenced as a persistent offender to 20 years imprisonment. Appellant insists there was insufficient evidence to sustain the conviction because the state did not prove that he was an active participant in the crime charged.

The judgment is affirmed.

The appellant's claim of insufficient evidence requires a review of the evidence and all reasonable inferences favorable to the verdict of guilt. Any evidence which does not support the verdict must be disregarded. *State v. Ludwig*, 609 S.W.2d 417, 417–18 (Mo.1980).

From the state's evidence[1] the jury could have found that on the evening of January 2, 1981, Donna Koch and her companion Renee Deall, after having attended a movie, arrived in the "West End" of the city of St. Louis at 11:30 p. m., intending to go to a restaurant for something to eat. Ms. Koch parked her car on the west side of Euclid Avenue and both she and Ms. Deall alighted from the car. Ms. Koch immediately crossed to the east side of Euclid Avenue because it was better lighted. Ms. Deall followed, crossing the street at more of an angle.

Just as Ms. Deall joined Ms. Koch on the east side of the street, appellant and his companion began walking rapidly toward the two women. When Ms. Deall saw the men, she said "Oh my God" and fled, running between the two men as they approached. Neither of them said anything to her or attempted to grab her as she ran past them. Rather, they proceeded on toward Ms. Koch.

Appellant's companion approached Ms. Koch from behind, grabbed her arm and placed "something hard" against her neck. He then ordered her to drop her purse or he would "blow her head off". Appellant, meanwhile, had positioned himself in front of Ms. Koch. He stood so close to her that their outer clothing was touching and she could not move. In the face of appellant's companion's threat, Ms. Koch surrendered her purse to the appellant, although he had not demanded that she give her purse to him.

After Ms. Koch gave up her purse, appellant's companion fled into the shadows. Ms. Koch then ran into the street and pleaded with the appellant to throw her keys into the street, to which he replied "Come and get them, bitch." Ms. Koch did not attempt to retrieve her keys, but remained in the street. The appellant did not run, but began to scream at Ms. Koch, commanding her to come and get her keys.

The police arrived at that point and apprehended appellant who was holding Ms.

Koch's purse. The appellant explained to the police that Ms. Koch had dropped her purse and he was merely retrieving it for her.

To sustain a conviction of appellant, the state was required to present evidence of the appellant's active participation in the alleged offense. *State v. Harris*, 602 S.W.2d 840, 844–845[7] (Mo.App.1980). Proof of any form of participation in the offense would support the conviction. *State v. Reynolds*, 521 S.W.2d 486, 487[3] (Mo.App.1975).

Where, as here, the evidence demonstrated participation in the form of aiding and abetting in the perpetration of the crime, the state was also required to prove that the appellant did so knowingly or intentionally. *State v. Poor*, 533 S.W. 245, 248[3, 4] (Mo.App.1976). In cases such as this one where the appellant did not tell the victim of his intentions and did not testify at trial, the element of intent was necessarily proved circumstantially. *Id.* at 248[5, 6].

Proof of the appellant's presence at the scene, and an opportunity to commit the offense was insufficient to sustain a conviction for that offense. *State v. Allen*, 420 S.W.2d 330, 333[3] (Mo.1967); *State v. Lane*, 497 S.W.2d 207, 209[2] (Mo.App.1973). However, his presence could be considered along with other incriminating circumstances to support a reasonable inference that the appellant knowingly participated in the commission of the offense charged. *State v. Puckett*, 611 S.W.2d 242, 245[6–11] (Mo. App.1980).

Companionship, conduct before and after the commission of the offense, possession of recently stolen goods and attempts to deceive the police, along with presence at the scene are all circumstances from which guilt may be inferred. *Id.* at 245[6–11]. The appellant and his companion were seen walking side by side across the street from the victim and her companion. Both men crossed the street and moved toward the women at the same time. As his companion threatened Ms. Koch, appellant prevented her escape. When his companion threat-

---

1. The appellant presented no evidence.

ened Ms. Koch, the appellant did not protest, offer her assistance, nor seek help. Instead, he continued to prevent her escape. When in fear, Ms. Koch surrendered her purse to the appellant, he did not attempt to return it to her.

 These circumstances, though not demonstrating the absolute impossibility of innocence, point clearly to appellant's knowing participation in the robbery. Furthermore, in light of the evidence, appellant's explanation of the circumstances—that Ms. Koch dropped her purse, and he was merely retrieving it for her—is unfounded and unreasonable. See, *State v. Poor*, 533 S.W.2d at 249. The circumstantial evidence was sufficient to support the guilty verdict.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.