STATE of Missouri, Respondent,

v.

Charles Lee WATSON, Appellant.

No. 44843.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 19, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

of intercourse on cross-examination of the prosecutrix, he did not pursue it further.

Andrew Stephen Berg, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted in a jury-waived trial of carrying a concealed weapon, § 571.115, RSMo (1978), and sentenced to two years imprisonment. This appeal ensues. We affirm.

Appellant's sole contention on appeal is that the evidence adduced at trial failed to prove that he carried a weapon in a concealed manner. In analyzing this contention, it is necessary to review the evidence, assessing facts and inferences intelligently drawn therefrom in the light most favorable to the State, and disregarding all adverse inferences and evidence. *State v. Means,* 628 S.W.2d 426, 427 (Mo.App.1982).

Viewed by this standard, the evidence was that on November 10, 1980 at approximately 9:30 a.m., St. Louis police officers Richard Will and Kevin Burgdorfer were directed to the 4300 block of Manchester to investigate a shooting incident in the area. The officers were told that the suspect in the shooting incident was a black male armed with a revolver and wearing a long green trench coat. After arriving in the area, both officers observed the appellant, who was also a black gentleman wearing a trench coat, entering Blitt's Buffet. As the officers entered the buffet, appellant was standing in front of the bar. When appellant noticed the officers approaching, he retreated to the rear hallway, which led to the back door and rest rooms. The officers followed the appellant to the back where they saw him reach to his left with his right hand and pull out a dark metallic object from under his coat, which he then threw behind a stack of beer cases in the hallway. Officer Will then stopped the appellant while officer Burgdorfer went to retrieve the discarded object. Officer Burgdorfer called out to officer Will that he had recovered a blue revolver at which time the appellant hurriedly headed for the front door. After a struggle, appellant was arrested and read his *"Miranda"* rights. Appellant then stated that the gun belonged to a friend of his named "Snoopy."

In order to come within the purview of § 571.115, RSMo (1978), a weapon is

concealed if it is not discernible by ordinary observation, but "[a] weapon is not concealed simply because it is not discernible from a single vantage point if it is clearly discernible from other positions." *State v. Murphy*, 610 S.W.2d 382, 384 (Mo.App.1980). Appellant claims that the weapon was not concealed because the police officers were not able to view appellant from all vantage points. We disagree. As appellant walked toward the entrance of the buffet, officer Will was able to observe the front of the appellant and officer Burgdorfer was able to observe the appellant from the rear; neither officer observed any weapon in the possession of the appellant. When appellant was ordering coffee from the bar, the bartender, who was but a short distance facing the appellant, did not see a weapon in appellant's possession. Upon entering the buffet, the officers had a view of appellant's left side and then a rear view of him as he proceeded to the back hallway, but did not observe a weapon. Officers Will and Burgdorfer first observed a weapon in the possession of the appellant only after appellant reached inside his coat and threw the gun over the beer cases.

Appellant's alternative contention that the weapon found behind the beer cases was not his is untenable since sufficient evidence exists to find that officers Will and Burgdorfer saw appellant throw the revolver over the beer cases, where it was immediately found by officer Burgdorfer.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.