**STATE of Missouri, Respondent,**

v.

**Jerome N. POLITTE, Appellant.**

No. 44695.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 3, 1983.

Motion for Rehearing and/or Transfer
Denied July 6, 1983.

Rex M. Burlinson, O'Fallon, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, George Cox, Asst. Atty. Gen., Jefferson City, John M. Berkemeyer, Pros. Atty., Hermann, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted, in a jury trial, of stealing property of a value of at least $150, § 570.030.3(1), RSMo (1978), and sentenced to four years imprisonment.[1] This appeal ensues. We affirm.

Appellant first challenges the sufficiency of the evidence. He argues that the State's evidence only connected him with stolen property valued at $40 and therefore the evidence was insufficient to support a conviction for a felony.

■ In reviewing the sufficiency of the evidence, we consider the evidence and reasonable inferences therefrom in the light most favorable to the State, disregarding all adverse inferences and evidence. *State v. Watson,* 643 S.W.2d 830, 831 (Mo.App. 1982). Viewed by this standard, the evidence was that on December 4, 1980 at approximately 3:15 p.m., Rubin Brehe was driving his automobile on a private gravel road leading to his residence when he observed a car parked on the side of the road. Brehe's home is three miles west of Drake, Missouri, off Highway 50 in Gasconade County. When he was about 150 feet from the parked car, he saw appellant, who was standing near the car, throw an object into the brush. As appellant returned to the car, Brehe approached and asked the occupants, a female and another male, if they wanted help. Neither the appellant nor the occupants replied. Appellant got into the car and the three drove rapidly from the scene. Brehe recorded the license number of the automobile on a piece of paper. He then went to the area where appellant had thrown the object and found a gun case with the initials "W.H.J." Brehe contacted the police and gave them a description of the automobile and its license number. La-

---

1. Appellant was acquitted of a related burglary charge in the same jury trial.

ter that day, appellant was arrested driving an automobile of the same description and the same license number. When he was arrested, a male and female passenger were in the automobile.

On December 10, 1980, William H. Jaffke went to his weekend home at Lake Northwoods. Lake Northwoods is located south of Highway 50 off Highway 19 in Gasconade County. The home had been vacant since November 21, 1980. When Jaffke entered his home, he discovered that it had been burglarized and a shotgun, valued at $515; a replica of a gun, valued at $125; a knife, valued at $30; an electric blanket, valued at $40; and a gun case, valued at $40 had been stolen. Jaffke later identified the gun case found by Brehe as his gun case. None of the other stolen property was recovered.

█ Possession of recently stolen property supports the inference of guilt of stealing. *State v. Puckett,* 611 S.W.2d 242, 245 (Mo.App.1981); *State v. Wright,* 619 S.W.2d 822, 824 (Mo.App.1981). Appellant concedes that possession of the gun case raises the inference that he is guilty of stealing that item. The issue before this court is whether appellant's possession of the stolen gun case raises an inference that he is guilty of stealing the other property. We hold that possession of a part of the property stolen is evidence tending to show theft of all the property. *State v. Burrage,* 418 S.W.2d 101, 106 (Mo.1967). Evidence tending to show that appellant stole the gun case is sufficient to prove that he had stolen all the articles and was, therefore, guilty of stealing property of a value of at least $150. Appellant's first contention is denied.

Appellant's remaining contentions are not preserved for appellate review. Rule 30.-06(e). We have, however, reviewed them *ex gratia* and find them without merit.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.