**STATE of Missouri, Respondent,**

**v.**

**Augustine A. MENDOZA, Appellant.**

**No. WD 34668.**

Missouri Court of Appeals,
Western District.

Nov. 22, 1983.

Joseph H. Locascio, Sp. Public Defender, John M. Torrence, Asst. Sp. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Robert L. Swearingen, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

## PER CURIAM:

Augustine Mendoza was convicted in a jury-waived trial of the offenses of burglary in the second degree and stealing over $150. The court sentenced Mendoza to two consecutive terms of four years imprisonment. He appeals alleging insufficiency of the evidence and error in the admission of evidence of defendant's statements. We affirm the judgment.

At about 7:00 o'clock on the evening of December 20, 1981, Shirley Steen was in her home preparing for the Christmas holidays when she heard a noise coming from the house of her next-door neighbor, Ms. Donna Burris. Mrs. Steen looked out of her window and noticed that one of her neighbor's windows was open. She opened her front door to investigate further and saw a "boy or a man" run past her fence toward the intersection of Sixth Street and Benton Boulevard. The putative burglar was carrying what appeared to be "clothing or bedding" and began to enter a basement apartment located at what Mrs. Steen thought was 621 Benton. Mrs. Steen could not identify this person other than that he was 5'7" to 5'8" in height and wore a dark-colored coat.

At trial, Brenda Sidebottom testified that on the evening of December 20, 1981, Mendoza resided with her and her infant daughter at 623 Benton. Mendoza left their apartment at approximately 7:30 p.m. and returned between one-half hour and one hour later carrying a comforter, a chess board and a white coat, which were identified by burglary victim Donna Burris as property stolen from her house. Mrs. Sidebottom did not ask nor did Mendoza divulge the origin of the items. Mrs. Sidebottom testified that approximately one week later Mendoza, speaking in his sleep, said that "he had gotten them from down the street." Mrs. Sidebottom retained the items until January 20, 1982, at which time she was arrested and subsequently charged with receiving stolen property.

In his own defense, Mendoza testified that he had lived with Brenda Sidebottom, but on December 15, 1981, he moved with a friend, Rita Irvin, into an apartment on Troost Avenue. His testimony was corroborated by Janice Grisby, one of the owners of the apartment building on Troost, and by Rita Irvin. The prosecution elicited rebuttal testimony from Barbara Andrews that she saw Mendoza at Sidebottom's apartment on several occasions during December, 1981 and January, 1982.

### I.

Defendant challenges the sufficiency of the evidence to sustain the conviction. We find it to be sufficient.

In determining the sufficiency of the evidence we consider the evidence in the light most favorable to respondent, accepting as true all evidence, whether direct or circumstantial in nature, and inferences reasonably drawn from it which tend to support the verdict. *See State v. Garrett,* 627 S.W.2d 635, 641 (Mo.1982) (en banc), *cert. denied,* —— U.S. ——, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982); *State v. Morgan,* 592 S.W.2d 796, 805 (Mo.1980) (en banc). All contrary evidence and inferences will be disregarded. *State v. Williams,* 623 S.W.2d 552, 553 (Mo.1981).

■ Nevertheless, to sustain Mendoza's convictions, proof that he affirmatively participated in the burglary and stealing must be adduced. *See State v. Swingler,* 632 S.W.2d 267, 269–70 (Mo.App.1982); *State v. Puckett,* 611 S.W.2d 242, 245 (Mo.App.1980). Affirmative participation may be shown by circumstantial evidence, and proof of any form of affirmative participation in the crime is sufficient to support a conviction. *State v. Puckett, supra; State v. Nichelson,* 546 S.W.2d 539, 543 (Mo.App.1977).

■ The trial court could, and did, believe the direct evidence in the form of Mrs. Sidebottom's testimony, corroborated in part by Mrs. Steen's observations, that on the evening of the burglary Mendoza returned to their apartment with the items which were subsequently identified as those taken from the Burris household. Mendoza's exclusive and unexplained possession of property recently stolen in the course of a burglary is sufficient to sustain a finding that he participated in the theft. *See State v. Webb,* 382 S.W.2d 601, 604 (Mo.1964). Hence, the instant case is unlike *State v. Roberts,* 579 S.W.2d 685 (Mo.App.1979), where we held that unexplained *joint* possession does not suffice to submit the guilt of the accused.

Moreover, the record reveals other direct evidence that Mendoza actively participated in the burglary and stealing. Mrs. Steen testified that the man she saw on the evening of the burglary was approximately 5'7" to 5'8" and wore a dark jacket. Mendoza testified that he was approximately 5'5" tall. Mrs. Sidebottom testified that, to the best of her recollection, on the night of the burglary Mendoza owned a blue jean jacket. Mrs. Steen also testified that the fleeing subject began to enter an apartment building located on the corner of Benton and Sixth Street. Mrs. Sidebottom testified that the apartment building in which she resided was located at the corner of Sixth Street and Benton and, furthermore, separated by a driveway from Mrs. Steen's house. Additionally, Mrs. Burris testified that Mendoza was one of the workers who helped move her belongings into her residence on Sixth Street in October of 1980.

Thus, the evidence established the fact of a burglary and stealing, the presence of Mendoza running from the immediate vicinity of the burglary carrying what appeared to be clothing or bedding, and his exclusive and unexplained possession at that time of recently stolen property matching that description. That was sufficient to support the convictions. *See State v. Wright,* 619 S.W.2d 822, 824 (Mo.App.1981).

## II.

Defendant next argues that the trial court "erred in admitting into evidence the statement allegedly made by defendant in his sleep that defendant had obtained the stolen property 'from down the street' because such evidence was hearsay, irrelevant and highly prejudicial in that the statement was so vague as to have no probative value and it may have been interpreted as an admission by defendant of his participation in the crimes charged."

■ At trial, defense counsel failed to object to Mrs. Sidebottom's testimony that Mendoza, while sleeping, said that he had "gotten them [the stolen property] from down the street." Mendoza's claim of error, therefore, was not preserved on appeal. *See State v. Peterson,* 546 S.W.2d 175, 179 (Mo.App.1976). Applying Supreme Court Rule 29.12, however, we consider this issue to determine whether an error occurred which has caused a manifest injustice. *See*

*State v. Ball,* 591 S.W.2d 715, 716 (Mo.App. 1979).

We do not undertake to decide whether the words spoken by Mendoza while asleep constituted a statement, and, if so, whether such a statement was inadmissible hearsay, irrelevant or highly prejudicial. Decisional authority from various states is split on that issue. *Compare Sutton v. State,* 237 Ga. 418, 228 S.E.2d 815, 817 (1976); *State v. Posten,* 302 N.W.2d 638, 641–42 (Minn.1981); *State v. Morgan,* 35 W.Va. 260, 13 S.E. 385, 387 (1891); *with Martinez v. People,* 55 Colo. 51, 132 P. 64, 65 (1913); *Gough v. General Box Company,* 302 S.W.2d 884, 890 (Mo.1957); *People v. Knatz,* 76 A.D.2d 889, 428 N.Y.S.2d 709, 711 (1980); *see also* 14 A.L.R.4th 802. Rather, we apply the well-settled rule that in a jury-waived trial the court is presumed not to be confused or misled and that the court will only consider the evidence which is competent and relevant. *See State v. Travis,* 625 S.W.2d 630, 631 (Mo.App.1981). Indeed, "even when an error is made in the admission of some evidence ... it will be presumed that the court in determining the case will consider only such evidence as is competent and relevant." *State v. Mitchell,* 615 S.W.2d 446, 450 (Mo.App.1981), citing, *State v. Leigh,* 580 S.W.2d 536, 545 (Mo. App.1979). Moreover, nothing in the record indicates that the trial judge relied on the alleged extrajudicial statement. Without it, the evidence was sufficient to support the trial court's finding of guilt.

We affirm the judgment.