STATE of Missouri,
Plaintiff-Respondent,

v.

Eddie Lee ANDERSON,
Defendant-Appellant.

No. 13243.

Missouri Court of Appeals,
Southern District,
Division Three.

May 16, 1984.

Motion for Rehearing or Transfer
Denied June 13, 1984.

Application to Transfer Denied
July 17, 1984.

Nancy Hentig Narrow, Public Defender, Benton, for defendant-appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

Appellant was charged in two counts with burglary, second degree, in violation of § 569.170, RSMo 1978 and stealing in violation of § 570.030, RSMo 1978. The right to a trial by jury was waived. Appellant was convicted by the trial court on both counts. He was sentenced to concurrent, five-year terms on each count. On this appeal he complains that the circumstantial evidence in this case was insufficient to support his conviction.

■ In reviewing the sufficiency of the evidence, even where wholly circumstantial, the evidence is viewed in the light most favorable to the state. All contrary evidence and inferences must be disregarded. *State v. Ailshire,* 664 S.W.2d 630 (Mo. App.1984); *State v. Anderson,* 663 S.W.2d 412 (Mo.App.1983). It is not the duty of this court to weigh the evidence, but to determine whether there was substantial evidence to support the verdict. *State v. Anderson,* supra. Viewed in light of these principles, the evidence establishes the following facts.

The French Implement Company, a John Deere dealership near Charleston, Missouri, was burglarized sometime between October 9 and October 11, 1982. The burglary was discovered at 7:00 a.m. on the latter date. The building was entered by pushing in the west overhead door of the shop area. A plate glass window in the owner's office adjacent to the shop was broken, permitting entry into the front part of the building. An inventory revealed that various items of clothing, an AM/FM radio-tape player, a CB radio and a gumball machine were taken during the course of the break-in. A pickup truck belonging to the dealership was also missing. It was later found abandoned on a country road. A video cassette recorder had been moved from its usual place in the front part of the building to the desk in the owner's office.

Two Mississippi County deputy sheriffs investigated the break-in. A fingerprint matching a print of the appellant was discovered on the bottom of the video cassette recorder. The deputies went to appellant's residence. He lived with his mother. She consented to a search of the home. The following items were recovered from appellant's bedroom: two white sweaters with green "JD" (John Deere) emblems; two gray John Deere snowmobile sweaters; a green windbreaker jacket from which an emblem had been removed; gloves similar to those sold by the dealership; and an AM/FM radio-tape player identical to the one taken during the break-in. A gumball machine was found in another part of the house.

Appellant testified that with the exception of the gumball machine, he had purchased these items from an acquaintance at a substantial bargain. Appellant's brother testified that he found the gumball machine in a vacant lot and brought it into the house himself. Appellant also said that he had been to the dealership in either August or September of 1982 with his step-father. At that time he had examined and touched the video cassette recorder, which would explain the presence of his fingerprint.

■ In cases in which the conviction is grounded upon purely circumstantial evidence, the facts and circumstances upon which the state relies must be consistent with guilt and inconsistent with any reasonable theory of innocence. They must exclude every reasonable hypothesis of the defendant's innocence, although they need not conclusively establish guilt or demonstrate the impossibility of innocence. *State v. Prier,* 634 S.W.2d 197 (Mo. banc 1982); *State v. Ailshire,* supra. To sustain appellant's convictions, proof that he affirmatively participated in the burglary and stealing must be adduced. *State v. Mendoza,* 661 S.W.2d 672 (Mo.App.1983); *State v. Puckett,* 611 S.W.2d 242 (Mo.App.1980). Such participation may be proved by cir-

cumstantial evidence. *State v. Puckett,* supra.

Possession of recently stolen property is sufficient to sustain a finding that the possessor participated in the theft. *State v. Mendoza,* supra; *State v. McGowan,* 636 S.W.2d 354 (Mo.App.1982); *State v. Puckett,* supra. The presence of a person's fingerprints at the scene of a crime constitutes sufficient evidence to warrant a conviction. *State v. Thomas,* 452 S.W.2d 160 (Mo.1970).

To sustain his position the appellant emphasizes testimony of French that any particular article of clothing could have come from another John Deere dealership. He cites cases such as *State v. Thompson,* 428 S.W.2d 742 (Mo.1968) and *State v. Miller,* 536 S.W.2d 524 (Mo.App.1976). In such contention, the appellant ignores the unique combination of items taken from the French dealership. When that unique combination of items was found in the appellant's home within five miles of the French dealership, those circumstances reduce to absurdity the possibility they came from another John Deere dealership. The force of that evidence is not diminished because they were not found until eighteen days after the burglary. Compare *State v. Armstrong,* 170 Mo. 406, 70 S.W. 874 (1902); *State v. Warford,* 106 Mo. 55, 16 S.W. 886 (1891).

The appellant, upon the basis of his explanation, discounts the presence of his fingerprint on the bottom of the video tape player. The evidence established the player was heavy and the print could have been made only when the machine was lifted. The defendant initially said he had not been in the dealership before October 28. It was only in response to several leading questions he placed himself there before the burglary. Further, initially he denied he touched the bottom of the machine. His explanatory testimony may be considered along side his testimony he was not out of his mother's sight the weekend in question. "The reason I remember is my mama was helping me to prepare for the party I was throwing both of those weekends." His mother had testified and made no mention of a party. In the same vein was his ready explanation that he got the money for his bargain purchase by charging admission to his parties. It was within the province of the trial court to reject appellant's nebulous explanation for the presence of his fingerprint. *State v. Clark,* 438 S.W.2d 277 (Mo.1969).

There was evidence from which the trial court could find the French Implement Company had been burglarized, the appellant's fingerprint was found on the tape player and the appellant was in possession of property stolen from the French Implement Company. Under the totality of these circumstances, appellant's guilt was established by substantial evidence beyond a reasonable doubt. *State v. Puckett,* supra; *State v. Mendoza,* supra. Appellant's convictions are valid notwithstanding that they are based solely on circumstantial evidence. *State v. Brown,* 375 S.W.2d 126 (Mo.1964). The judgment is affirmed.

GREENE, C.J., CROW, P.J., HOGAN and PREWITT, JJ. concur.