### STATE of Missouri, Plaintiff-Respondent,

v.

### Robert L. PERRY, Defendant-Appellant.

### No. 13751.

Missouri Court of Appeals, Southern District, Division One.

Jan. 21, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 5, 1985.

Application to Transfer Denied April 2, 1985.

John D. Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

L.R. Magee, Hines & Magee, Kansas City, for defendant-appellant.

TITUS, Presiding Judge.

In a two-count information filed in the Circuit Court of Hickory County, defendant was charged (I) with burglary in the second degree, § 569.170 [1], and (II) stealing, § 570.030. After the cause had been transferred to Dallas County it was tried and the jury returned verdicts finding defendant not guilty of the burglary charge but guilty of stealing and fixed punishment at imprisonment in the county jail for a term of six months. Defendant appealed.

Carey Breshears, a Buckner resident and owner of a deer rifle, went to the Weaubleau home of his father, Wilford Breshears, to observe the opening day of deer season on Saturday, November 12, 1983. He did not use the gun on Sunday, November 13, 1983, but noticed it "sitting beside the television" in his father's residence when he returned there "that evening, right after dark." The next morning, Monday, November 14, 1983, he arose early and discovered the rifle missing near 5 a.m. The testimony of the father, Wilford, corroborates that of his son who reported the matter to the sheriff of Hickory County and gave the official the serial number of the rifle.

The buyer for a Kansas City pawnshop recounted that defendant came into the store November 16, 1983, and pawned the rifle in question for $50. The rifle was redeemed by a Mr. Simmons November 23, 1983, upon payment of the loan, plus interest, and return of the pawn ticket. Mr. Simmons was not identified at trial but the redeemer had the same Kansas City address as that previously given by defendant. In compliance with Kansas City ordinances, the information concerning the

pawning of the rifle was given to the police of that city.

On December 5, 1983, a Kansas City detective was, via computer, comparing pawn reports with items reported stolen when he made a match with the rifle in question. He called the loan company where the rifle had been pawned only to find it had been redeemed November 23, 1983. Armed with information previously acquired, the detective contacted defendant at the latter's home December 9, 1983. When defendant learned of the officer's mission he produced the gun which, when examined by the officer, bore the same serial number, etc., as the gun pawned and reported taken from the Breshears residence. Defendant then went with the detective to the latter's office and gave him a signed written statement as to how he had come into possession of the rifle. The statement was not used in the trial of the case. Subsequent thereto, the detective accompanied the Hickory County sheriff, who had an arrest warrant, to defendant's home where the sheriff arrested defendant.

Carey Breshears and his father, Wilford, had known the defendant since he and Carey were "younger kids" and while defendant "was living with his grandparents right up the creek about a half a mile" from the home of the senior Breshears. Wilford testified that the last time defendant had been in his home to his knowledge was "about four years ago." Before November 1983, Carey had not seen defendant for "two and a half years, something like that." No testifying witness, including the two Breshears, had seen defendant in, at or near the residence of the senior Breshears or even in the general vicinity thereof during November 1983. Defendant offered no testimony.

Defendant's lone point on appeal: "The trial court erred in overruling defendant's motions for acquittal made at the close of the state's case in chief, at the close of all of the evidence and in his post trial motion

because the state failed to prove, beyond a reasonable doubt all of the elements of the crime of stealing, in that there was no evidence in the whole record that the defendant was in Hickory County, Missouri on or about November 13, 1983."

"In reviewing the sufficiency of the evidence, even where wholly circumstantial, the evidence is viewed in the light most favorable to the state. All contrary evidence and inferences must be disregarded. ... It is not the duty of this court to weigh the evidence, but to determine whether there was substantial evidence to support the verdict." *State v. Anderson,* 671 S.W.2d 383, 384[1, 2] (Mo.App.1984).

In the light most favorable to the state, the rifle was taken without permission from the residence of the senior Breshears either "right after dark" the evening of November 13, 1983, or before 5 a.m. November 14, 1983. Two or three days thereafter the rifle was in defendant's possession in Kansas City when he pawned it with a loan company on November 16, 1983. The rifle was redeemed from the pawnshop November 23, 1983, and was again found in defendant's possession December 9, 1983, when he was contacted by the detective. Possession of recently stolen property supports the inference of guilt of stealing, *State v. Politte,* 654 S.W.2d 138, 139[2] (Mo.App.1983), and such evidence alone is sufficient to support a conviction. *State v. Williams,* 672 S.W.2d 80, 82[5] (Mo.App.1983). That defendant was in possession of recently stolen property cannot be disputed when it was shown that he possessed and pawned the pilfered rifle as his own just two or three days after it was stolen. Cf. *State v. Anderson,* supra, 671 S.W.2d at 385, where defendant's possession of the stolen goods was not discovered until 18 days after the crime was committed.

Judgment affirmed.

FLANIGAN and GREENE, JJ., concur.