■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F., Appellant. — Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered May 7, 1981, which adjudicated defendant a youthful offender. While defendant and another young man were engaged in a fist fight at the scene of a large gathering of young people near Johnstown, New York, severe knife wounds in the neck and throat were sustained by the other participant. The wounds were so severe that without prompt emergency medical and surgical attention, the victim would have died. Admittedly, defendant was in possession of a knife, but it is his contention that infliction of the wounds was accidental, as the knife was open in his pocket and protruded through his trousers, cutting the victim as they scuffled on the ground. While no one actually saw the knife wounds inflicted, the description of the injury by the victim, the statements made by defendant as to his intention prior to the fight, the observation of a knife concealed in defendant's boot, and the testimony of numerous witnesses to the actual occurrence, all present ample proof, although in large part circumstantial, to support the verdict of the jury of guilt beyond a reasonable doubt (see *People v Benzinger,* 36 NY2d 29). The charge of the court on circumstantial evidence, to which there were no exceptions, was full and complete in all of its phases (CPL 300.10). Finally, we reject defendant's argument that the court erred in permitting the prosecutor to refresh a witness' recollection by referring to a prior written statement. Where, as here, there is a good faith effort to assist the witness in refreshing his recollection, there is no violation of the statute as long as the contents of the statement are not disclosed to the jury (CPL 60.35, subd 3; see *People v Reed,* 40 NY2d 204, 207). Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.