■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER GILBERT, Appellant. — Judgment unanimously affirmed. Memorandum: The jury found defendant guilty of burglary in the third degree, petit larceny and criminal mischief in the fourth degree. The charges arose from the burglary of a grocery store in the Village of Dansville. At the preliminary hearing, three witnesses testified that defendant admitted to them that he had committed the burglary. At trial, the three witnesses were called by the People. One testified to defendant's admissions but the other two asserted on direct examination that they had no knowledge of, or did not remember, the admissions. Over objection, the trial court, for the purpose of "refreshing recollection", permitted the prosecutor to read aloud to each witness the transcribed testimony that witness had given on the subject at the preliminary hearing. Initially, we reject the People's argument that the witnesses' previous testimony was properly received for the purpose of impeaching credibility (see CPL 60.35,

subd 2). Testimony that the witness does not recall the subject of inquiry is generally not to be characterized as testimony "which tends to disprove the position" of the party who called the witness (CPL 60.35, subd 1; *People v Wright,* 41 NY2d 118; *People v Fitzpatrick,* 40 NY2d 44). Nor was it proper to reveal to the jury the previous testimony of the witnesses even for the purpose of refreshing recollection (see CPL 60.35, subd 3; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.35, p 539). Here, however, the error must be viewed as harmless since each witness ultimately testified not upon the content of the transcript but upon independent recollection, that defendant had made the admissions. (Appeal from judgment of Livingston County Court, Houston, J. — burglary, third degree.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.