■ The People of the State of New York, Respondent v Calvin Broadwater, Appellant.—Judgment unanimously reversed, on the law and as a matter of discretion in the interest of justice, and new trial granted. Memorandum: Defendant

contends that the People violated CPL 60.35 in purporting to refresh the recollection of defendant's alleged accomplice by reading his Grand Jury testimony. We agree. First, it appears that the prosecutor was aware that the witness might be hostile, having advised the jury in his opening statement that the witness was "not cooperating". A party is not permitted to impeach its witness by his former statements where it has been amply warned of the adverse thrust of the witness' testimony *(see, People v Fitzpatrick,* 40 NY2d 44, 52-53; *People v Smith,* 104 AD2d 160, 165-166). Second, the testimony at trial did not tend to disprove or affirmatively damage the People's case. The witness merely evinced a neutral failure of memory which did not entitle the prosecutor to impeach him by use of prior sworn statements *(People v Fitzpatrick, supra,* pp 48, 52; *People v Dann,* 100 AD2d 909, 912). Third, in reading the Grand Jury testimony almost in its entirety, the prosecutor impermissibly used "such prior statement for the purpose of refreshing the recollection of the witness in a manner that disclose[d] its contents to the trier of the facts" (CPL 60.35 [3]). Fourth, while the egregious error committed by the prosecutor probably could not have been cured, the instructions given by the court were not adequate to advise the jury that it could not consider the evidence contained in the prior statements for any purpose. Under these circumstances, defendant's failure to object to the prosecutor's reading of the Grand Jury testimony and to request curative instructions does not preclude our consideration of the issue and reversal of the conviction in the interests of justice *(cf. People v Carroll,* 37 AD2d 1015, 1016-1017).

Since we are remitting for a new trial, we note that the fact of defendant's purchase of a used car for $1,070 a few days after the robbery was of insufficient probative value to warrant its receipt into evidence. (Appeal from judgment of Onondaga County Court, Cunningham, J.—robbery, first degree.) Present—Dillon, P. J., Callahan, Doerr, Denman and Pine, JJ.