■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered August 1, 1986, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. Questions of fact have not been raised or considered.

The defendant and the codefendant John Sapp were accused of the robbery of the Pan Am Federal Credit Union at John F. Kennedy Airport on September 19, 1985. A friend of the defendant, Candice Gordon, gave a sworn statement to law enforcement authorities on October 10, 1985, in which she revealed that the defendant told her he had participated in a robbery. Gordon testified as a prosecution witness after the court issued a material witness order. Upon reading her prior sworn statement, Gordon testified that it did not refresh her recollection of her conversation with the defendant. The court then declared her a hostile witness and permitted the prosecutrix to impeach her with the prior statement.

We find that the court erred when it permitted the prosecutrix to impeach Gordon's testimony in such a manner that the contents of her prior sworn statement were revealed to the jury *(see,* CPL 60.35). In order for a party to impeach his own witness with evidence of a prior inconsistent statement, the witness's testimony must affirmatively damage the party's case *(see, People v Saez,* 69 NY2d 802; *People v Fitzpatrick,* 40 NY2d 44; *People v Magee,* 128 AD2d 811, *lv denied* 70 NY2d 650; *People v Rudd,* 125 AD2d 422). Here Gordon's failure to recollect at most deprived the People of evidence to strengthen their case *(see, People v Knatz,* 76 AD2d 889).

In view of the prejudicial nature of the impeachment testimony and the less than overwhelming proof of the defendant's guilt, we conclude that the error was not harmless and a new trial is required. We note that the defendant's remaining contention is without merit. Mollen, P. J., Mangano, Kunzeman and Weinstein, JJ., concur.