■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BARBER, Appellant.

"A party is not permitted to impeach its witness by his

former statements where it has been amply warned of the adverse thrust of the witness'[s] testimony" *(People v Broadwater,* 116 AD2d 1022, 1023; *see also, People v Fitzpatrick,* 40 NY2d 44, 52-53). Further, the witness's failure to remember did not disprove or affirmatively damage the People's case, and therefore the prosecutor was not entitled to impeach the witness through her prior sworn statements *(see,* CPL 60.35; *People v Saez,* 69 NY2d 802; *People v Mitchell,* 143 AD2d 147, *lv denied* 72 NY2d 1048; *People v Navarette,* 131 AD2d 326, 328, *lv denied* 70 NY2d 705).

In impeaching the witness, the prosecutor also impermissibly disclosed to the trier of fact the contents of her prior inconsistent statements in violation of CPL 60.35 (3) *(see, People v Broadwater, supra; People v Gilbert,* 99 AD2d 657). Nevertheless, in view of the overwhelming evidence against defendant, we conclude that the error was harmless because there was no significant probability that, but for the error, the jury would have acquitted defendant *(see, People v Saez, supra; People v Sampson,* 145 AD2d 910, *lv denied* 73 NY2d 982; *see also, People v Gilbert, supra).* (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Attempted Murder, 2nd Degree.) Present—Callahan, J. P., Doerr, Green, Balio and Lawton, JJ.