■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE HAMMOCK, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: This case involves prosecutorial misconduct that seriously prejudiced defendant's right to a fair trial. The prosecutor's conduct was programmed and deliberate, and in flagrant disobedience of the trial court's prior ruling. Despite the strong proof of defendant's guilt, we reverse *(see, People v Alicea,* 37 NY2d 601; *People v Mott,* 94 AD2d 415).

The prosecutor had been directed by the trial court not to impeach his witness, Vernessa Maddox, by referring to her pretrial sworn statements, which included an admission by the defendant to her that he had been involved in the attempted robbery and double murder at Rico's Bar. Notwithstanding the court's direction, after Maddox testified that defendant had come to her house with a sawed-off shotgun following the shooting, the prosecutor asked if defendant had said anything about the shooting. When she answered "No", the prosecutor asked, "[d]id the defendant say I had to pop the bastard, he wouldn't let Mike go". After defense counsel's objection was sustained and a motion for a mistrial denied, the prosecutor, nevertheless, persisted by asking "[d]id the defendant say that to you at that time?" The trial court was obliged to remind the prosecutor that it had sustained the objection and had denied the motion for a mistrial.

The prohibition imposed upon the prosecutor by the trial court pursuant to CPL 60.35 was correct *(see, People v Knatz,* 76 AD2d 889; *People v Kitchen,* 55 AD2d 575). Maddox's unwillingness to testify to something she had previously disclosed to the police did not "tend to disprove the position" of the People and, accordingly, could not be used "for the purpose of refreshing the recollection of [Maddox] in a manner

that discloses its contents to the trier of the facts" (CPL 60.35 [3]). The prosecutor's attempt, notwithstanding the prior direction of the court, was a flagrant violation of the court's ruling, verging on contempt. It was compounded by the prosecutor's advance knowledge that Maddox would not so testify. Our court has warned that "[a] party is not permitted to impeach its witness by his former statements where it has been amply warned of the adverse thrust of the witness'[s] testimony" *(People v Broadwater,* 116 AD2d 1022, 1023). In that case we reversed, despite defendant's failure to object or to request curative instructions, holding that the prosecutor's conduct was "egregious error" *(People v Broadwater, supra,* at 1023). Here, the prosecutor deliberately disregarded the court's instruction in an inexcusable bootstrap attempt to get evidence before the jury that he knew he was not permitted to introduce *(see, People v Fitzpatrick,* 40 NY2d 44, 51). The prejudice to defendant was magnified by the failure of the court to give curative instructions.

Additionally, defendant's parole officer, brought in by the People as a witness for the ostensible purpose of identifying a photograph depicting defendant's home, exposed to the jury that defendant was on parole. Although it gave a minimal curative instruction, the court erred in permitting, over objection, the parole officer to testify that he had seen defendant 15 times in a 14-month period, thereby impressing on the jury the fact that defendant was on parole.

We also note that, in spite of the gag rule imposed by the trial court, and while the court was still considering defendant's motion for a mistrial brought on by the parole officer's disclosure, the prosecutor allowed himself to be interviewed by a local newspaper and discussed the effect a mistrial would have upon this well-publicized double murder case.

The hearing court correctly determined that no hearing was required regarding the alteration of the address in the search warrant *(see, People v Rainey,* 14 NY2d 35; *People v Ramirez,* 168 AD2d 908, *lv denied* 77 NY2d 965) and that the warrant was intended to encompass the entire premises *(see, People v Dunn,* 155 AD2d 75, *affd* 77 NY2d 19, *cert denied* — US —, 111 S Ct 2830). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Murder, 2nd Degree.) Present —Denman, P. J., Green, Balio, Boehm and Fallon, JJ.