■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MATUSAK, Appellant. [615 NYS2d 165] —Judgment unanimously affirmed. Memorandum: Defendant contends that the People were erroneously permitted to impeach their own witness with his Grand Jury testimony and with his statements to the police after the witness testified that he could not remember the events in question. We agree. The witness's failure to remember did not disprove or affirmatively damage the People's case, and therefore the prosecutor was not entitled to impeach the witness with his prior statements or testimony *(see,* CPL 60.35 [1]; *People v Smith,* 190 AD2d 1022, 1022-1023, *lv denied* 81 NY2d 976; *People v Barber,* 179 AD2d 1002, 1003, *lv denied* 79 NY2d 997; *People v Hickman,* 148 AD2d 937, *affd* 75 NY2d 891). The prosecutor, in impeaching the witness, also impermissibly disclosed to the jury the contents of the witness's prior inconsistent statements in violation of CPL 60.35 (3) *(see, People v Barber, supra).* Nonetheless, in view of the overwhelming evidence of defendant's guilt, we conclude that the errors are harmless because there is no significant probability that, but for those errors, the jury would have acquitted defendant *(see, People v Saez,* 69 NY2d 802, 804).

County Court properly sustained the prosecutor's objection to references in defense counsel's summation to matters that were not in evidence *(see, People v Thomas,* 138 AD2d 760, 761, *lv denied* 72 NY2d 867). Contrary to the contention of defendant, the court did not unjustifiably restrict defense counsel's summation *(cf., People v Luis,* 189 AD2d 657, 660).

Defendant failed to preserve for review his challenge to the admission of testimony from a prosecution eyewitness that improperly bolstered the identification testimony of another prosecution witness *(see,* CPL 470.05 [2]; *see also, People v Valverde,* 197 AD2d 920, *lv denied* 82 NY2d 854; *People v Marks,* 182 AD2d 1122; *People v McMullen,* 177 AD2d 1001, *lv denied* 79 NY2d 860), and we decline to review that issue as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]; *People v Valverde, supra,* at 920).

Lastly, we conclude that the sentence imposed is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, LaMendola, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Green, Balio, Wesley and Davis, JJ.