■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH RIGGINS, Appellant. [621 NYS2d 257] —Judgment unanimously affirmed. Memorandum: County Court erred in permitting the prosecutor to impeach one of his witnesses with testimony she had given at a prior trial. CPL 60.35 (1) permits the impeachment of a witness "only when the testimony of the witness in court *affirmatively damages* the case of the party calling him" *(People v Fitzpatrick,* 40 NY2d 44, 51 [emphasis in original]; *see also, People v Saez,* 69 NY2d 802, 804; *People v Clark,* 195 AD2d 988, 989). The People's witness testified that she could not recall two specific events. A witness's failure to recall an event, whether truthful or not, does not affirmatively damage the People's case *(People v Fitzpa-*

*trick, supra,* at 52; *People v Matusak,* 206 AD2d 903; *People v Hickman,* 148 AD2d 937, 938, *affd* 75 NY2d 891). The error is harmless, however, because of the overwhelming evidence of defendant's guilt *(see, People v Saez, supra,* at 804; *People v Crimmins,* 36 NY2d 230, 241-242; *People v Matusak, supra; People v Comer,* 146 AD2d 794, 795, *lv denied* 73 NY2d 976).

There is no merit to the further contention of defendant that the prosecutor called one of the People's witnesses for the purpose of impeaching her. After a post-trial hearing on that issue, the court determined that the prosecutor had not called "the witness solely or primarily in order to impeach the witness and thereby place otherwise inadmissible evidence before the jury" *(People v Wieber,* 202 AD2d 789, 790, *lv denied* 84 NY2d 834; *see, People v Trower,* 183 AD2d 928, 929, *lv denied* 80 NY2d 910). That determination is supported by the record.

Likewise without merit is the contention of defendant that a witness for the People did not comprehend the nature of an oath and, therefore, the court erred in refusing to strike her testimony. The witness was 18 years old at the time of trial and had completed the ninth grade. Moreover, the witness, who was held in contempt for her "contemptuous, evasive and insolent behavior while on the witness stand" *(Matter of Mitchell v Wiggins,* 195 AD2d 1069), testified that "she was able to testify truthfully and that she could distinguish truth from falsity" *(People v Parks,* 41 NY2d 36, 50). Thus, there is no reason to disturb the trial court's determination that the witness was competent to testify.

The contentions of defendant that another of the People's witnesses was improperly impeached with her testimony from a previous trial and that the prior testimony of a third witness was improperly revealed under the guise of refreshing her recollection have not been preserved for review *(see,* CPL 470.05 [2]), and we decline to address them as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

We conclude that the sentence is neither harsh nor excessive.

Finally, defendant's remaining contention is without merit. (Appeal from Judgment of Monroe County Court, Wiggins, Jr., J.—Murder, 2nd Degree.) Present—Pine, J. P., Balio, Fallon, Doerr and Boehm, JJ.