◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNDON D. GOODELL, Appellant. [634 NYS2d 279] —Order unanimously affirmed. Memorandum: County Court did not err in denying without a hearing that branch of defendant's motion to set aside the verdict based upon defendant's alleged newly-recovered memory of the incident. That branch of the motion was supported only by defendant's sworn allegations, not by any medical evidence. The conclusory and unsupported allegations were insufficient to entitle defendant to a hearing *(see, People v La Pella,* 185 AD2d 861, 862, *lv denied* 81 NY2d 842). Moreover, defendant did not state in his affidavit that he planned to testify if he were granted a new trial *(see, People v Williams,* 35 AD2d 1023, 1024).

The court did not err in denying defendant's motion to set aside the verdict based upon the testimony of a newly-discovered witness to the incident. Defendant did not carry his burden at the hearing of proving by a preponderance of the ev-

idence that the verdict probably would have been more favorable to him had the testimony of that witness been presented at trial *(see,* CPL 440.10 [1] [g]; 440.30 [6]; *see also, People v Rodriguez,* 193 AD2d 363, 365-366, *lv denied* 81 NY2d 1079).

The motion to vacate the conviction was not based on the ground that defendant was denied effective assistance of trial counsel *(see,* CPL 440.30 [1]), and we decline to address that issue for the first time on appeal. (Appeal from Order of Genesee County Court, Morton, J.—CPL art 440.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.