■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE HUGGINS, Appellant. [636 NYS2d 530] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his conviction of kidnapping in the second degree is not supported by legally sufficient evidence. Viewing the evidence, as we must, in the light most favorable to the People and drawing all reasonable inferences in the People's favor *(see, People v Ford,* 66 NY2d 428, 437), we conclude that it establishes that defendant abducted decedent Lamont Fife.

We likewise reject the contention that the impeachment by the prosecution of its own witness with the witness's prior statement warrants reversal. During direct examination, that witness testified, contrary to his prior statement to the police, that he did not observe the individuals involved or the vehicle used when decedent was seized outside the Vermillion Room. CPL 60.35 (3) prohibits a party from impeaching its own witness with a prior contradictory statement concerning a material issue if the testimony of the witness does not tend to disprove the position of the party who called him *(see, People v Clark,* 195 AD2d 988, 989-990). Because the witness's testimony did not affirmatively damage the People's case, the prosecutor was precluded from disclosing to the jury the contents of the witness's prior statement *(see, People v Comer,* 146 AD2d 794, 794-795, *lv denied* 73 NY2d 976). A review of the record shows that the prosecutor, in using the prior statement to question the witness, did not disclose its contents in violation of CPL 60.35. While the prosecutor improperly insinuated that the witness made a prior contradictory statement that may have implicated defendant or his codefendants, that conduct did not deprive defendant of a fair trial. Thus, reversal is not warranted *(see, People v Galloway,* 54 NY2d 396, 401; *cf., People v Clark, supra,* at 990-991).

Defendant further contends that Supreme Court erred in failing to charge the jury that the codefendants either were accomplices as a matter of law or might be found by the jury to

be accomplices. Because defense counsel did not request that charge or object to the charge given by the court, that contention has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Britt,* 212 AD2d 1034, *lv denied* 85 NY2d 936; *People v Corrigan,* 139 AD2d 918, *lv denied* 72 NY2d 917), and we decline to exercise our power to review it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Himelein, J.—Kidnapping, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.