■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LAWRENCE, Appellant. [643 NYS2d 273] —Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant was convicted of criminal mischief in the fourth degree for ransacking his girlfriend's apartment but was acquitted of burglary in the second degree. He was charged with burglary because his

girlfriend reported to the police that she and defendant were no longer living together at the time of the incident. Shortly after the incident, however, defendant's girlfriend informed the District Attorney's Office that she and defendant were living together at the time of the incident. She wanted to drop the charges, but the District Attorney's Office refused. At trial, defendant's girlfriend and her sister were unable to recall details of the incident and gave testimony that contradicted their prior statements to the police and testimony before the Grand Jury.

The People may impeach their own witness with prior inconsistent statements only when the testimony of that witness on a material issue affirmatively damages the People's case (*see, People v Fitzpatrick,* 40 NY2d 44, 51; *People v Huggins,* 222 AD2d 1036). Trial testimony that the witness has no knowledge of or cannot recall a particular event, whether truthful or not, does not affirmatively damage the People's case (*see, People v Hickman,* 75 NY2d 891, *affg* 148 AD2d 937; *People v Riggins,* 210 AD2d 906, *lv denied* 85 NY2d 913). If the trial testimony of a witness contradicts a prior sworn statement, but does not affirmatively damage the case of the party calling him, the recollection of the witness may be refreshed with the prior inconsistent statement, but only in such a manner that does not disclose the contents of the statement to the jury (*see,* CPL 60.35 [3]; *People v Reed,* 40 NY2d 204, 207; *People v Hammock,* 182 AD2d 1114).

We agree with defendant that many instances of impeachment by the prosecutor were improper and violated CPL 60.35. The direct and redirect testimony of defendant's girlfriend and of her sister is replete with examples of improper impeachment. Although the testimony of the witnesses did not affirmatively damage the People's case, the prosecutor used prior statements of the witnesses to impeach their testimony. Where impeachment on a particular issue would have been proper, the prosecutor introduced damaging prior statements on other, unrelated issues. Moreover, in using prior statements to refresh the recollection of the witnesses, the prosecutor revealed the contents of the prior statements to the jury. On summation, the prosecutor made repeated references to the erroneously admitted testimony, thereby compounding the error. Despite defense counsel's failure to object to all but one incident on CPL 60.35 grounds, we conclude that the cumulative effect of the errors deprived defendant of a fair trial, warranting reversal as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]) and a new trial.

The evidence is sufficient to sustain the conviction of criminal mischief in the fourth degree and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). In light of our reversal, we do not reach the remaining issues raised by defendant. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Mischief, 4th Degree.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.