◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON SULLIVAN, Appellant. [643 NYS2d 799] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was denied a fair trial by proof of a prior statement of a prosecution witness, made to the police, that the witness had heard shots after seeing defendant walking along railroad tracks with the victim. Supreme Court sustained defense counsel's objection and, in any event, any error is harmless. The witness had already testified that he had seen defendant walking with the victim toward the railroad tracks. Further, the proof of defendant's guilt is overwhelming, and there is no reasonable probability that, but for the disclosure, the jury would have acquitted defendant (*see, People v Saez,* 69 NY2d 802, 804; *People v Crimmins,* 36 NY2d 230, 241-242). The contention of defendant that the prosecutor improperly impeached the witness on redirect examination by the use of the witness's prior statement, in violation of CPL 60.35, is also without merit. A witness's prior statement may "be used for the purpose of refreshing recollection where the witness's trial testimony, though disappointing or unhelpful, falls short of 'disproving' the party's position, so long as its contents are not disclosed to the trier of the facts (CPL 60.35 subd 3)" (*People v Reed,* 40 NY2d 204, 207). The prosecutor neither disclosed the contents of the prior testimony of the witness (*cf.,* CPL 60.35 [3]; *People v Broadwater,* 116 AD2d 1022), nor repeatedly questioned him regarding specific instances of inconsistency (*cf., People v Hammock,* 182 AD2d 1114). Instead, the prosecutor made "a good faith effort to assist the witness in refreshing his recollection" (*People v John F.,* 88 AD2d 730; *see, People v Gittens,* 165 AD2d 750, *lv denied* 76 NY2d 986). We reject the similar contention of defendant that he was prejudiced by the prosecutor's attempt to refresh another witness's recollection by the use of that witness's prior statement; the People withdrew the question upon defense counsel's objection. Finally, the contention of defendant that he was denied a fair trial because of other alleged instances of prosecutorial misconduct is not preserved for our review (*see,* CPL 470.05

[2]), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.