■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY L. SWIFT, Appellant. [661 NYS2d 415] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree (Penal Law § 125.25) and robbery in the first degree (Penal Law § 160.15), arising from the robbery and fatal beating of a 68-year-old victim in his home by defendant and two accomplices. The accomplices entered guilty pleas to reduced charges and testified against defendant. Defendant was sentenced to concurrent indeterminate terms of incarceration, the highest being 20 years to life.

Contrary to defendant's contention, the testimony of the accomplices is supported by sufficient corroborative evidence, i.e., evidence that "tends to connect the defendant to the crime so as to reasonably satisfy the jury that the accomplice[s are] telling the truth" (*People v Glasper*, 52 NY2d 970, 971; *see also, People v Moses*, 63 NY2d 299, 306). A witness who was not an accomplice testified that, prior to the commission of the crime, the three accomplices discussed in her presence their intention to go to the victim's home. She further testified that the three left, heading in the same direction (*see, People v Ross*, 68 AD2d 962, 963). Moreover, one of the accomplices testified that defendant took the victim's wallet; the wallet was found on the shoulder of a road on the route taken by defendant to his place of employment. Finally, one of the accomplices testified that, after the attack, defendant wiped blood off of his arm onto a couch cushion. A forensic scientist testified at trial that two bloodstains on the couch cushions contained samples of the victim's blood type (type A) as well as a mixture of type A and type O, defendant's blood type. That evidence sufficiently connects defendant to the crime (*see, People v Moses, supra,* at 306).

We agree with defendant that the prosecutor violated CPL 60.35 (3) during direct examination of a prosecution witness by eliciting details of a prior statement of the witness. Because the testimony of that witness did not affirmatively damage the People's case, the prosecutor could use the prior statement only to refresh the recollection of the witness but could not dis-

close the contents of the statement to the jury (*see, People v Lawrence*, 227 AD2d 893, 894; *People v Sullivan*, 227 AD2d 895). We conclude, however, that the error is harmless. County Court sustained defendant's objection and gave a limiting instruction, and the prosecutor did not refer on summation to the testimony of that witness (*cf., People v Lawrence, supra*, at 894).

The court's *Sandoval* ruling was not an abuse of discretion. Defendant failed to preserve for our review his present argument that the court's reasonable doubt charge lessened the People's burden of proof (*see, People v Robinson*, 88 NY2d 1001). In any event, the charge, viewed as a whole, conveyed the proper legal standard (*see, People v Paris*, 229 AD2d 926, *lv denied* 88 NY2d 1070). We again advise Trial Judges to adhere to the reasonable doubt charge set forth in 1 CJI(NY) 6.20 in order to prevent problems that arise in instructing juries on reasonable doubt (*see, People v Paris, supra*). We have examined the issues raised in the *pro se* supplemental brief and conclude that they lack merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.