■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN DAWES, Appellant. [698 NYS2d 199] —Judgment unanimously

affirmed. Memorandum: Defendant's conviction following a jury trial of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) arose from a fight between defendant and another inmate in a prison recreation yard during which defendant used a razor-type weapon. Defendant failed to preserve for our review his contention that the trial court's instruction to the jury on reasonable doubt improperly diluted the People's burden of proof (*see, People v Robinson*, 88 NY2d 1001; *People v Swift*, 241 AD2d 949, 950, *lv denied* 91 NY2d 881, 1013). In any event, the instruction on reasonable doubt, when viewed as a whole, conveyed the proper standard (*see, People v Paris*, 229 AD2d 926, *lv denied* 88 NY2d 1070; *People v Swift, supra,* at 950).

Defendant also failed to preserve for our review his contention that the proof is legally insufficient to establish that he knowingly obtained or possessed prison contraband (*see, People v Gray*, 86 NY2d 10, 19; *People v Cona*, 49 NY2d 26, 33). In any event, according the People the benefit of every reasonable inference (*see, People v Ford*, 66 NY2d 428, 437; *People v Lewis*, 64 NY2d 1111, 1112), we conclude that the testimony of the inmate records coordinator is legally sufficient to establish that defendant received an inmate rule book containing a written prohibition and description of contraband (*see generally, People v Williams*, 84 NY2d 925; *People v Bleakley*, 69 NY2d 490, 495).

Lastly, we reject the contention that defendant was deprived of effective assistance of counsel. The record establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708). (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Promoting Prison Contraband, 1st Degree.) Present—Lawton, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.