THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ANDREWS, Appellant. [701 NYS2d 760] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, Supreme Court was not required to obtain his consent to include statutory language on the verdict sheet to assist the jury in distinguishing among three counts of murder in the second degree (*see,* CPL 310.20 [2]). Defendant's further contention that the court erred in failing to instruct the jury properly regarding the notations on the verdict sheet is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant contends that he was denied a fair trial by the prosecutor's attempt to impeach the credibility of defendant's sister, a prosecution witness. Although the prosecutor asked defendant's sister several questions in order to refresh her recollection after she denied knowing defendant's alleged accomplice, the prosecutor did not reveal the contents of her prior Grand Jury testimony (*see, People v Sullivan*, 227 AD2d 895, *lv denied* 88 NY2d 995), nor did he disregard the court's ruling that he limit the scope of the questions (*cf., People v Hammock*, 182 AD2d 1114, 1114-1115). Finally, certain remarks by the prosecutor on summation that may be considered improper were promptly addressed by the court's curative instruction (*see, e.g., People v Dworakowski*, 208 AD2d 1129, 1130, *lv*

*denied* 84 NY2d 1031). Defendant has failed to demonstrate that the remaining remarks by the prosecutor that were allegedly improper "had 'a decided tendency to prejudice the jury'" (*People v Halm,* 81 NY2d 819, 821). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Murder, 2nd Degree.) Present—Green, J. P., Hayes, Scudder and Balio, JJ.