THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY COMFORT, Appellant. [718 NYS2d 751] —Order insofar as it resentenced defendant unanimously reversed on the law and matter remitted to Steuben County Court for resentencing in accordance with the following Memorandum: In 1982 defendant was convicted of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]); attempted murder in the second degree (Penal Law §§ 20.00, 110.00, 125.25 [1]); and criminal possession and criminal sale of a controlled substance in the first degree (Penal Law § 220.21 [1]; § 220.43 [1]). Defendant was sentenced to concurrent terms of incarceration of 25 years to life on the murder charge; 8 years to 16 years on the attempted murder charge; 20 years to life on the criminal sale charge; and 15 years to life on the criminal possession charge. We modified the judgment by reversing defendant's conviction on the murder and attempted murder counts, vacating the sentences imposed thereon and dismissing those counts of the indictment (*People v Comfort*, 113 AD2d 420, 425, *lv denied* 67 NY2d 760).

In 1995 defendant moved to set aside the sentence pursuant to CPL 440.20. Defendant contended that he had been denied effective assistance of counsel because his trial attorney had had a conflict of interest. Defendant further contended that he should have been resentenced because, in sentencing defendant on the drug charges, County Court had been influenced by the murder and attempted murder counts that were subsequently reversed. That motion was denied and defendant did not take an appeal.

In May 1997 defendant again moved to set aside the sentence. Defendant contended that, when this Court reversed the murder and attempted murder counts, County Court

should have ordered an updated presentence investigation report and resentenced him. Defendant again contended that, in sentencing him on the drug charges, the court had been influenced by the counts that were subsequently reversed and that the court should have considered his rehabilitative accomplishments since the sentences were first imposed. In July 1997 defendant moved to vacate the judgment of conviction, contending that he had been incompetent to stand trial and that he had been denied effective assistance of counsel. The court denied the May and July 1997 motions.

We granted defendant's motion for leave to appeal.

The court properly denied defendant's motion to vacate the judgment of conviction based on the contention of defendant that he was not competent to stand trial. The unsworn, undated statement of a social worker that defendant suffers from posttraumatic stress disorder did not constitute sworn allegations of fact supporting defendant's contention (*see,* CPL 440.30 [3] [b]; *see also, People v Goodell,* 221 AD2d 1009, *lv denied* 88 NY2d 848). Although a psychiatric examination of defendant conducted six months after the crimes were committed indicated that defendant suffered from a personality disorder, there was no indication that the disorder affected the ability of defendant to participate in his defense or understand the nature of the proceedings against him. Thus, "[t]here is no [competent] evidence in the record that defendant may have been incompetent" (*People v Dunn,* 261 AD2d 940, 940-941, *lv denied* 94 NY2d 822).

The court did not abuse its discretion in denying defendant's motion to vacate the judgment of conviction based on the alleged ineffective assistance of counsel. The court properly denied that part of defendant's motion that was based on the contention of defendant that his attorney had a conflict of interest because that issue was raised in a prior CPL article 440 motion and thus was not properly before the court (*see, People v Glinton,* 74 NY2d 779, 780). The contention of defendant that his attorney failed at trial to pursue a defense to the drug charges is conclusively refuted by court records. On his direct appeal to this Court, defendant in his brief discussed his attorney's efforts to pursue agency and duress defenses. "It is hornbook law that 'a court may take judicial notice of its own records'" (*Casson v Casson,* 107 AD2d 342, 344, quoting *Weinberg v Hillbrae Bldrs.,* 58 AD2d 546; *see, Devine v Melton,* 170 App Div 280, 282). Finally, because there was no evidence that defendant may have been incompetent, defendant was not denied effective assistance of counsel when his counsel failed to

request a competency exam (*see, People v Dunn, supra,* at 940-941).

Defendant also contends that the court illegally resentenced him in his absence and should have ordered an updated presentence investigation report. Because the People concede that defendant must be resentenced, we reverse that portion of the order purportedly resentencing defendant to concurrent terms of incarceration of 20 years to life and remit the matter to Steuben County Court for resentencing. We note that, upon resentencing, the court has the discretion to order an updated presentence investigation report and may consider information about defendant's conduct since the original sentence (*see, People v Kuey,* 83 NY2d 278, 282). (Appeal from Order of Steuben County Court, Purple, Jr., J.—CPL art 440.) Present—Pine, J. P., Hayes, Hurlbutt and Lawton, JJ.