(June 7, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LAYMAN, Appellant. [725 NYS2d 744] —Peters, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered September 17, 1997, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

On September 7, 1996, defendant's brother and roommate, James Layman, was found dead on the floor of his bedroom. Initially, police authorities were led to believe that the victim had been involved in a fight with several neighborhood youths. As part of their investigation, Detective John Grogan and Detective Sergeant Ralph Tashjian transported defendant and his live-in girlfriend, Sarah Horowitz, to the police station for the purpose of acquiring background information. At such time, neither defendant nor Horowitz were suspects.

During defendant's interview at the police station, he spontaneously admitted that he had a fight with the victim. As a result of this disclosure, *Miranda* warnings were immediately provided and subsequently waived. Thereafter, defendant gave detailed oral and written statements in which he admitted to punching and kicking the victim numerous times in the head and body, confessing his belief that he had killed him. The forensic examination confirmed that decedent died as a result of these injuries.

Defendant was charged in a three-count indictment with murder in the second degree, manslaughter in the first degree, and manslaughter in the second degree. After a *Huntley* hearing at which Grogan was the sole witness, County Court found that since defendant was not in custody at the time that he made his initial spontaneous statement, it need not be suppressed. It further found that the confession was admissible, having been made after the execution of a knowing and voluntary waiver of *Miranda* rights.

At the *Sandoval* hearing, County Court reviewed defendant's 11 prior convictions, dating back to 1974, as well as his two prior violation of probation findings. It determined that the prosecution could inquire about the following convictions and their underlying facts: a 1975 conviction for unauthorized use of a motor vehicle, possession of stolen property and reckless

driving; a 1980 conviction for attempted arson; a 1987 conviction for criminal trespass occurring when defendant was on probation; a 1988 violation of probation determination; a 1989 conviction for criminal mischief and violation of probation finding; and a 1995 conviction for criminal contempt. The court also entered into a *Sandoval* compromise, permitting inquiry about a misdemeanor conviction in June 1991 for which defendant was fined $100, as well as a conviction for disorderly conduct in September 1995. Yet, it specifically prohibited inquiry about the underlying facts of each since both involved an assault.*

At trial, the People offered the testimony of numerous witnesses, including Horowitz. She testified that she was unable to recall whether she heard "sounds of hitting" in the alley during the altercation or if, following the fight, defendant told her that he was remorseful for having hit his brother so hard. In light of her responses, the prosecutor attempted to refresh her recollection by having her silently review a written statement that she had made to the police three days after the incident. In this statement, she recalled hearing defendant hit his brother during the altercation and that he later told her that he felt bad about hitting him and could not believe that he killed him.

Upon the conclusion of testimony, County Court consulted with counsel regarding the jury charge. When explicitly asked if counsel wished to propose additional charges, the offer was declined. At that time, County Court did not disclose that it intended to give a circumstantial evidence charge. The jury returned with a conviction of manslaughter in the first degree and an acquittal of the remaining charges. Defendant was sentenced to an indeterminate term of imprisonment of 10 to 20 years. He appeals.

Reviewing defendant's challenge to the *Huntley* hearing, which concluded with a finding that defendant was not in custody as of the time of his transport to the police station, we agree that the statement made during the police interview was spontaneous and not the product of custodial questioning (*see, People v Torres*, 21 NY2d 49; *cf., People v Lanahan*, 55 NY2d 711). According appropriate deference to the findings made by County Court which accepted the officer's testimony as credible regarding the circumstances under which the remaining oral and written statements were made, we can find no basis upon which we would disturb the determination rendered (*see, People v Hodges*, 244 AD2d 794, *lv denied* 91 NY2d 973).

---

* Further permitted was an inquiry concerning an order of protection that was issued in 1995.

We reach a similar conclusion with respect to the *Sandoval* ruling and find no merit to the contention that the results thereof deprived defendant of his right to testify. County Court properly considered whether defendant's prior acts were probative of his credibility and if the prejudice in having the jury hear about such acts would be outweighed by their probative value. As the court explained, the test applied was whether or not the acts to be inquired of reveal that defendant had placed himself above the interests of society and were indicative of his veracity. Upon this basis, we note that the two convictions concerning assaultive conduct resulted in a *Sandoval* compromise. As to the court's discretionary determination to allow inquiry on the 1975 conviction for which defendant was incarcerated, the age of the conviction would not necessarily preclude its use for cross-examination purposes (*see, People v Teen,* 200 AD2d 785, 786, *lv denied* 83 NY2d 859). As we have recently iterated, there is no per se rule requiring preclusion whenever prior crimes are similar to or even the same as those charged in a later prosecution (*see, People v Gordon,* 282 AD2d 868).

Nor do we find a violation of CPL 60.35 (3) when County Court permitted the People to impeach Horowitz, their own witness, through the use of her prior statement. The record reveals that a sincere attempt was made to "refresh [her] recollection in a discreet [and] non-publicizing manner" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.35, at 680), without any attempt to disclose the contents of her statement to the jury. As a good faith effort was made, no error can be discerned (*see, People v Andrews,* 267 AD2d 1071, *lv denied* 94 NY2d 916; *People v Edwards* 232 AD2d 342, *lv denied* 89 NY2d 984, *cert denied* 522 US 1121; *People v Sullivan,* 227 AD2d 895, *lv denied* 88 NY2d 995).

Finally, we find unpreserved the challenge to County Court's failure to include a jury charge on the issue of circumstantial evidence since defendant neither requested such charge nor voiced objection upon its omission (*see, People v Ford,* 66 NY2d 428, 441).

Mercure, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.