■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY ORTA, Appellant. [784 NYS2d 812]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered March 12, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). Contrary to defendant's contention, the verdict is not against the weight of the evidence. Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see People v Bleakley, 69 NY2d 490, 495 [1987]).

Contrary to defendant's further contention, Supreme Court properly admitted the testimony of two police officers concerning the statements of an eyewitness at the scene of the crime shortly after the shooting under the excited utterance exception to the hearsay rule. "Excited utterances 'are the product of the declarant's exposure to a startling or upsetting event that is sufficiently powerful to render the observer's normal reflective processes inoperative[,]' preventing the opportunity for deliberation and fabrication" (People v Carroll, 95 NY2d 375, 385 [2000]; see People v Johnson, 1 NY3d 302, 306-307 [2003]). One police officer testified that, "within two minutes" of arriving at the scene, he observed a woman who was "[v]ery upset"; she was "crying," "yelling" and "raising her hands up to her head."

The court properly determined that the declarant's statements were made while "under the stress of excitement caused by an external event, and [were] not the product of studied reflection and possible fabrication" (*Johnson*, 1 NY3d at 306), and thus the court properly permitted the witness to testify that he heard the woman say "over and over" that "Ricky did it." The other police officer described similar behavior by the woman, and thus we conclude that the court did not abuse its discretion in permitting the witness to testify with respect to the woman's profane remark concerning "Ricky."

Defendant failed to preserve for our review his contention that he was denied a fair trial because the prosecutor asked him during cross-examination whether he had reported to the police that the victim had been threatening his life (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Defendant also failed to preserve for our review the contention in his pro se supplemental brief that he was denied the right to a fair trial based on the court's charge with respect to the justification defense and the affirmative defense of extreme emotional disturbance (*see generally People v Robinson*, 88 NY2d 1001 [1996]). In any event, that contention lacks merit inasmuch as the court's charge, viewed in its entirety, properly conveyed the correct legal standards (*see People v Zayas*, 283 AD2d 328 [2001], *lv denied* 96 NY2d 909 [2001]; *see generally People v Coleman*, 70 NY2d 817, 819 [1987]). Finally, defendant further contends in the pro se supplemental brief that he was denied a fair trial because of the delay in receiving *Brady* and *Rosario* material that was the subject of a protective order. Defendant concedes that he received the material at issue prior to trial. Because he did not thereafter object or seek sanctions, he is deemed to have abandoned his present contention (*see People v Graves*, 85 NY2d 1024, 1027 [1995]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.