■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASKER MASSEY, Appellant. [845 NYS2d 197]—

Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered November 17, 2005 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the first degree and assault in the third degree.

Following a jury trial, defendant was convicted, as charged, of burglary in the first degree and assault in the third degree stemming from his conduct on March 24, 2005 in breaking into an apartment in the City of Albany where his sister resided, and assaulting his girlfriend (hereinafter the complainant). Defendant arrived at the second floor apartment shortly after midnight and repeatedly rang the doorbell shouting, "I know you're up there . . . Let me in"; admitted into the building by another tenant, he kicked down the door to the apartment, breaking the door frame. Once inside, defendant was asked to leave but refused and, in front of several witnesses, proceeded to drag the complainant across the room into a closet, where he kicked her with his work boots in the head, face and back causing a black eye and bruising. During the assault, he repeatedly yelled, "I told you" and also shouted, "I'll kill you." Defendant then left with the complainant's jacket, and was apprehended and arrested by police minutes later wearing that jacket. After complaining of symptoms related to his diabetes, he was taken to the hospital for treatment.

Defendant testified that he had been drinking at a friend's house all day and came to the apartment to pick up the complainant and to get insulin, and began feeling weak and the symptoms of diabetic shock. He claimed to have no memory of anything that occurred after he reportedly knocked on the upstair's inner apartment door (which he stated was then opened for him) up until the time that he was apprehended by police, i.e., the entire period of the assault and his flight, which he attributed to the combined effects of his consumption of alcohol and failure to take his insulin or to eat any food all day.

Upon his convictions, defendant was sentenced to a 12-year

prison term on the burglary count to run concurrently with a one-year term for the assault count. Defendant appeals, and we affirm.

We are unpersuaded by defendant's claims that the verdict is not supported by legally sufficient evidence or is contrary to the weight of credible evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant's sufficiency-based challenges were not preserved given that no grounds were specified in the defense's motion to dismiss at the close of the proof (*see People v Gray*, 86 NY2d 10, 19 [1995]; *see also People v Finger*, 95 NY2d 894, 895 [2000]). In any event, the complainant's and other eyewitness testimony, viewed most favorably to the People, established beyond a reasonable doubt that defendant knowingly entered this dwelling with the intent to commit a crime therein and, while inside, intentionally caused physical injury to the complainant (*see* Penal Law § 120.00 [1]; § 140.30 [2]). Contrary to his claims on appeal, defendant's intent to commit a crime inside the dwelling was readily inferable from the surrounding circumstances of his conduct, including the violent and unauthorized manner of his entry (*see People v Love*, 307 AD2d 528, 529 [2003], *lv denied* 100 NY2d 643 [2003]; *see also People v Lewis*, 5 NY3d 546, 552 [2005]; *People v Jacobs*, 37 AD3d 868, 870 [2007]).

We now turn to defendant's challenge to the weight of the evidence. As we cannot say that a different finding would have been "unreasonable"—the jury could have credited defendant's testimony that he was suffering from diabetic shock or was too intoxicated[1] to have acted knowingly or intentionally—we " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). According great deference to the jury's first-hand assessment of witness credibility, we perceive no reason to disturb its verdict (*see People v Boodrow*, 30 AD3d 758, 759 [2006], *lv denied* 7 NY3d 900 [2006]). Notably, defendant's account of a brief memory loss—which conveniently covered only the period of the assault—was neither credible nor consistent, and was not supported by any medical or other testimony. Indeed, defendant's description of feeling "weak" and "faint" were inconsistent with the violence and deliberateness of the assault; defendant behaved and communicated in a coherent manner only minutes after the assault when apprehended by police, and his own testimony established that the assault came a full five hours after he had last consumed any alcohol and he had administered

---

1. The jury was charged on intoxication (*see* Penal Law § 15.25).

four of the five daily insulin shots prescribed. Thus, we find that the evidence fully supported the verdict (*see People v Smith*, 27 AD3d 894, 897 [2006], *lv denied* 6 NY3d 898 [2006]).

Next, we find no abuse of discretion in Supreme Court's *Sandoval* compromise allowing the People to inquire of defendant, on cross-examination, if he had been convicted in 2003 of assault in the third degree without disclosing the underlying facts; reference to the fact that it was committed against this complainant was precluded (*see People v Beverly*, 6 AD3d 874, 876 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Layman*, 284 AD2d 558, 560 [2001], *lv denied* 96 NY2d 903 [2001]). The court properly concluded that the conviction was probative of defendant's credibility, which outweighed its potential for prejudice (which was ameliorated by the redaction of the underlying facts), and "there is no per se rule requiring preclusion whenever prior crimes are similar to or even the same as those charged in a later prosecution" (*People v Layman*, 284 AD2d at 560; *see People v Hayes*, 97 NY2d 203, 207-208 [2002]).[2] Significant also is that the prosecutor asked only a single question at the end of cross-examination and did not attempt to impermissibly use it to demonstrate defendant's propensity, and the court charged the jury that it was relevant only to credibility (*see People v Pavao*, 59 NY2d 282, 292 [1983]). Defendant's further claim that the unobjected to testimony of his sister—that this "wasn't the first time" defendant hit the complainant—allowed the jury to infer that the prior assault conviction involved the same complainant. Defendant never raised this point at trial or requested a curative instruction and, thus, it is unpreserved for our review; in any event, we are not persuaded.

Defendant's argument that he was denied the effective assistance of counsel due to counsel's failure to call medical experts to testify in support of his diabetic shock defense is unavailing, as there is no indication in this record that such supportive evidence was available or that the decision not to put on medical testimony "was a prejudicial error rather than a reasonable tactical choice" (*People v Peake*, 14 AD3d 936, 937 [2005]; *see People v Brandi E.*, 38 AD3d 1218, 1219 [2007], *lv denied* 9 NY3d 863 [2007]; *People v Smith*, 27 AD3d 894, 897-898 [2006], *lv denied* 6 NY3d 898 [2006]). Further, the record reflects that

---

2. Although this evidence of defendant's prior assault on the complainant was not admitted under *Molineux*, we find that it might also have been admitted as proof of defendant's intent and motive (*see People v Gorham*, 17 AD3d 858, 860 [2005]; *People v Poquee*, 9 AD3d 781, 781 [2004], *lv denied* 3 NY3d 741 [2004]; *see also People v Wlasiuk*, 32 AD3d 674, 676-677 [2006], *lv dismissed* 7 NY3d 871 [2006]).

defense counsel pursued an identifiable defense strategy consistent with defendant's testimony, effectively cross-examined the witnesses and, viewed in totality, provided defendant with "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Benevento*, 91 NY2d 708, 712 [1998]).

Finally, we do not find that the 12-year sentence, which fell within the midrange of permissible sentences for this class B violent felony, was an abuse of discretion or that extraordinary circumstances exist to warrant a reduction in the interest of justice (*see* CPL 470.15 [6] [b]; *see also People v Delgado*, 80 NY2d 780, 783 [1992]), given defendant's lack of remorse and refusal to accept responsibility for this violent assault on the complainant, his second known such assault on her in as many years. Further, "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]). We discern no support in this record that the sentence imposed evinces any such retaliation or vindictiveness but, rather, find it was based on, among other legitimate sentencing considerations, defendant's criminal past and the evidence adduced at trial of defendant's violent conduct (which only fortuitously did not have even more serious consequences) (*see People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]; *People v Fletcher*, 309 AD2d 1085, 1086 [2003], *lv denied* 1 NY3d 571 [2003]).

Defendant's remaining claims are also without merit.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.

