THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SAMMY L. SWIFT, Respondent. [886 NYS2d 533]—

Appeal from an order of the Cayuga County Court (Thomas G. Leone, J.), entered August 18, 2008. The order granted the motion of defendant pursuant to CPL 440.10 (1) (g) to vacate the judgment convicting him of murder in the second degree and robbery in the first degree.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, the motion is denied and the judgment of conviction is reinstated.

Memorandum: On a prior appeal, we affirmed a judgment

convicting defendant upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [1]; *People v Swift*, 241 AD2d 949 [1997], *lv denied* 91 NY2d 881, 1013 [1997]). The People appeal from an order granting defendant's motion to vacate the judgment of conviction on the ground of newly discovered evidence (*see* CPL 440.10 [1] [g]), i.e., post-trial DNA test results indicating that the blood found at the crime scene was exclusively that of the victim. We agree with the People that the DNA test results are not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10 [1] [g]). At the trial, the People presented evidence that blood at the crime scene was consistent with both the victim's blood type and defendant's blood type. Although the People relied upon that evidence to corroborate the testimony of defendant's accomplices (*see Swift*, 241 AD2d 949 [1997]), we conclude that the remaining nonaccomplice evidence tends to connect defendant to the robbery and murder and is sufficient "to assure that the accomplices have offered credible probative evidence" (*People v Breland*, 83 NY2d 286, 293 [1994]). The contention of defendant in his pro se supplemental brief that the sister of the accomplices was herself an accomplice whose testimony required corroboration was not raised in the motion and thus is not properly before us (*see generally People v Goodell*, 221 AD2d 1009 [1995], *lv denied* 88 NY2d 848 [1996]). We have considered the remaining contentions of defendant in his pro se supplemental brief and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Pine, JJ.