# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**541**
**KAH 14-00042**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
RICKY ORTA, PETITIONER-APPELLANT,

V                                         MEMORANDUM AND ORDER

DALE ARTUS, SUPERINTENDENT, WENDE CORRECTIONAL
FACILITY, RESPONDENT-RESPONDENT.

---

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF
COUNSEL), FOR PETITIONER-APPELLANT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Christopher J. Burns, J.), entered June 12, 2013 in a
habeas corpus proceeding. The judgment, insofar as appealed from,
denied the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking a writ
of habeas corpus on the ground that Supreme Court lacked jurisdiction
to resentence him on his conviction of criminal possession of a weapon
in the second degree (Penal Law § 265.03 [former (2)]), because of a
long and unreasonable delay. Petitioner was convicted on March 12,
2002 following a jury trial of murder in the second degree (§ 125.25
[1]) and criminal possession of a weapon in the second degree (*People
v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801). Supreme Court
(Mark, J.) resentenced petitioner on May 14, 2002 on the criminal
possession of a weapon count to a five-year determinate term of
imprisonment with 2½ years of postrelease supervision inasmuch as the
court had erroneously imposed an indeterminate sentence on that count.
The sentence ran concurrently with the sentence imposed on the murder
count. Petitioner alleges that he was not present for the resentence
and thus that it constituted an illegal sentence. Petitioner did not
appeal from the resentence nor did he raise that contention in a CPL
article 440 motion brought in 2006 or a habeas corpus proceeding he
commenced in federal court (*Matter of Orta v Rivera*, 2009 WL 2383028
[WD NY]). He did, however, raise that contention in 2011, when he
brought a second CPL article 440 motion. According to the records of
this Court, of which we may take judicial notice (*see People v
Comfort*, 278 AD2d 872, 873), Supreme Court (Doyle, J.) granted that
part of petitioner's motion pursuant to CPL 440.20 (1) to set aside
the sentence on the ground that he had not been present for
sentencing, and resentenced him to a term of five years' imprisonment

and 2½ years of postrelease supervision (*see* CPL 440.20 [4]). Petitioner failed to provide that information as part of the record herein.

We conclude that "[h]abeas corpus relief is unavailable because petitioner's contention in support of the petition could have been, or [was], raised on direct appeal or by a motion pursuant to CPL article 440" (*People ex rel. Peoples v New York State Dept. of Corr. Servs.*, 117 AD3d 1486, 1487, *lv denied* 23 NY3d 909 [internal quotation marks omitted]). Indeed, the relief petitioner sought pursuant to CPL 440.20 (1) was granted. In any event, habeas corpus relief is not available because petitioner is serving a sentence on the murder count, and thus would not be entitled to immediate release even in the event that his instant motion had merit (*see People ex rel. Lewis v Graham*, 96 AD3d 1423, 1423, *lv denied* 19 NY3d 813).

Entered: May 1, 2015

Frances E. Cafarell
Clerk of the Court