Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Christopher J. Burns, J.), entered June 12, 2013 in a habeas corpus proceeding. The judgment, insofar as appealed from, denied the petition.
It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus on the ground that Supreme Court lacked jurisdiction to resentence him on his conviction of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]), because of a long and unreasonable delay. Petitioner was convicted on March 12, 2002 following a jury trial of murder in the second degree (§ 125.25 [1]) and criminal possession of a weapon in the second degree (People v Orta, 12 AD3d 1147, 1147 [2004], lv denied 4 NY3d 801 [2005]). Supreme Court (Mark, J.) resentenced petitioner on May 14, 2002 on the criminal possession of a weapon count to a five-year determinate term of imprisonment with 2V2 years of post-release supervision inasmuch as the court had erroneously imposed an indeterminate sentence on that count. The sentence ran concurrently with the sentence imposed on the murder count. Petitioner alleges that he was not present for the resentence and thus that it constituted an illegal sentence. Petitioner did not appeal from the resentence nor did he raise that contention in a CPL article 440 motion brought in 2006 or a habeas corpus proceeding he commenced in federal court (Orta v Rivera, 2009 WL 2383028, 2009 US Dist LEXIS 66230 [WD NY 2009]). He did, however, raise that contention in 2011, *1406 when he brought a second CPL article 440 motion. According to the records of this Court, of which we may take judicial notice (see People v Comfort, 278 AD2d 872, 873 [2000]), Supreme Court (Doyle, J.) granted that part of petitioner’s motion pursuant to CPL 440.20 (1) to set aside the sentence on the ground that he had not been present for sentencing, and resentenced him to a term of five years’ imprisonment and 2V2 years of postrelease supervision (see CPL 440.20 [4]). Petitioner failed to provide that information as part of the record herein.
We conclude that “[hjabeas corpus relief is unavailable because petitioner’s contention in support of the petition could have been, or [was], raised on direct appeal or by a motion pursuant to CPL article 440” (People ex rel. Peoples v New York State Dept. of Corr. Servs., 117 AD3d 1486, 1487 [2014], lv denied 23 NY3d 909 [2014] [internal quotation marks omitted]). Indeed, the relief petitioner sought pursuant to CPL 440.20 (1) was granted. In any event, habeas corpus relief is not available because petitioner is serving a sentence on the murder count, and thus would not be entitled to immediate release even in the event that his instant motion had merit (see People ex rel. Lewis v Graham, 96 AD3d 1423, 1423 [2012], lv denied 19 NY3d 813 [2012]). Present — Scudder, P.J., Smith, Sconiers, Whalen and DeJoseph, JJ.