■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY D. WILLIAMS, Appellant. [659 NYS2d 597] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of intentional and felony murder and three counts of robbery in the first degree. Defendant was sentenced to concurrent indeterminate terms of imprisonment, the longest of which is 25 years to life. Defendant contends that County Court's instruction erroneously permitted the jury to convict him of intentional murder without finding that defendant himself intended to kill. There is no merit to that contention. The test is whether, from the court's charge as a whole, the jury would have understood the correct principles of law to be applied to the case (*see, People v Ladd*, 89 NY2d 893, 895-896; *People v Canty*, 60 NY2d 830, 831-832). Here, the court repeatedly instructed the jury that, in order to be guilty of intentional murder, defendant must have intended to kill.

The court properly denied defendant's request to charge with respect to felony murder. The court properly charged that, in the context of this case, a person is guilty of felony murder when he commits the crime of first degree robbery and, "in the course of and in the furtherance of such crime or of immediate flight therefrom, he, or another participant causes the death of a person other than one of the participants" (Penal Law § 125.25 [3]). The People's proof established that the killing occurred "in the course of and in furtherance of" the robbery, and defendant's statement neither countered that proof nor established the affirmative defense to felony murder (*see*, Penal Law § 125.25 [3] [c]). Under those circumstances, felony murder is a strict liability offense, and the killer's subjective intent or motive is not relevant. Because defendant's request to charge distorted the "course and furtherance" element and was not supported by a reasonable view of the evidence, the court properly denied it.

Defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Maloy, J.— Murder, 2nd Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.