■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HOWARD, Appellant. [661 NYS2d 386] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [3]), burglary in the first degree (Penal Law § 140.30), petit larceny (Penal Law § 155.25), and criminal mischief in the fourth degree (Penal Law § 145.00). The conviction arose out of a house burglary in which the resident died of cardiac arrhythmia suffered during the burglary. Defendant contends that County Court's charge on accessorial liability precluded

the jury from considering his affirmative defense to felony murder (Penal Law § 125.25 [3]) because the accessorial liability charge presented the felony murder count as a strict liability crime based on defendant's admitted participation in the burglary. That contention is without merit. Under the circumstances of this case, the court's charge was proper.

The People's proof establishes that the killing occurred in the course of the burglary (*see*, Penal Law § 125.25 [3]). In that circumstance, felony murder is a strict liability offense (*see, People v Williams*, 239 AD2d 922). Under the felony murder doctrine, an accomplice in the underlying act may be vicariously liable for the act of another participant under common-law principles of accessorial and conspiratorial liability (*see, People v Bornholdt*, 33 NY2d 75, 85, *cert denied sub nom. Victory v New York*, 416 US 905). The People are required to prove only that the defendant intentionally participated in the underlying felony, during the course of which one of the participants caused the death of a nonparticipant (*see, People v Santanella*, 63 AD2d 744, 747, *cert denied sub nom. Tamilio v New York*, 443 US 912). The court's charge properly conveyed those principles to the jury. The Court of Appeals has recognized that the affirmative defense "is inconsistent with the rationale of the doctrine [of felony murder] itself", but has upheld the constitutionality of requiring defendant to establish the affirmative defense by a preponderance of the evidence (*People v Bornholdt, supra*, at 85). Nor is there any merit to the contention that the charge was improper because it erroneously conveyed the notion of proximate cause (*see, People v Matos*, 83 NY2d 509).

Defendant further contends that the court erred in denying his motion for a mistrial because the prosecutor failed to present evidence outlined in his opening statement. We disagree. Although there was no direct evidence that defendant removed a purse containing the nitroglycerine pills from the victim's bedroom, the jury was entitled to infer from the circumstantial evidence presented that defendant was on the second floor with the victim and took her purse. In any event, the court instructed the jury that the arguments of counsel were not evidence and that the jury was required to make its findings based on the testimony and other evidence presented at trial. The court did not err in admitting the testimony of the Medical Examiner regarding the cause of death of the victim. The Medical Examiner testified that her opinion regarding the cause of death would be the same even without information obtained from the statement of one of the accomplices. In any event, any

error in failing to strike that portion of the Medical Examiner's testimony is harmless in light of the other evidence that established that the victim was alive at the time of the burglary.

We have considered the other contentions raised by defendant, including those raised in his *pro se* supplemental brief, and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Connell, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Doerr, Balio and Boehm, JJ.