■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL WALKER, Appellant. [717 NYS2d 440] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [3]) and two counts of robbery in the first degree (Penal Law § 160.15 [1], [3]). Defendant contends that he was in custody without probable cause and thus that his statement should have been suppressed as the product of an unlawful arrest and detention. We disagree. The identified citizen informant who witnessed the crime is presumed to be reliable and her basis of knowledge was her observation of the crime she described (*see, People v Hetrick,* 80 NY2d 344, 348-349; *People v Rivera,* 210 AD2d 895, 895-896; *People v Robbins,* 198 AD2d 451). In view of the young age of the citizen informant, who was only 14 years old, and her expressed fear in coming forward with the information, the fact that she gave a different version of the events to the police in a prior statement did not render her identification of defendant inherently unreliable. Based on her statement, the police had probable

cause to arrest defendant (*see, People v Blanco,* 253 AD2d 886, *lv denied* 92 NY2d 1028). Defendant further contends that his statement was rendered involuntary as a result of police deception. Although the police deceived defendant by falsely reporting that the victim gave a dying declaration implicating defendant, the deception "was not so fundamentally unfair as to deny defendant due process [nor was it] accompanied by a promise or threat likely to produce a false confession" (*People v Dickson,* 260 AD2d 931, 932, *lv denied* 93 NY2d 1017; *see, People v Tarsia,* 50 NY2d 1, 11).

Contrary to defendant's contention, the People did not change the theory of the prosecution from principal to accessorial liability but, in any event, "[w]hether a defendant is charged as a principal or as an accomplice to a crime has no bearing on the theory of the prosecution" (*People v Rivera,* 84 NY2d 766, 769; *see, People v Guidice,* 83 NY2d 630, 636-637). Defendant's contention that a photograph of the victim was inflammatory and should not have been admitted in evidence lacks merit. County Court properly determined that the probative value of the photograph outweighed any prejudice to defendant (*see, People v Stevens,* 76 NY2d 833, 835-836; *People v Upshaw,* 242 AD2d 548, 549, *lv denied* 91 NY2d 882). The photograph was relevant with respect to the location of the victim in the apartment when the police arrived (*see, People v Wilson,* 168 AD2d 696, 697-698).

Defendant further contends that the prosecutor violated CPL 60.35 by eliciting details of a prior statement of a prosecution witness during his direct examination of that witness. Even assuming that the prosecutor erred in questioning the witness concerning discrepancies between that statement and her trial testimony (*see,* CPL 60.35 [3]; *People v Polhill,* 140 AD2d 462, 464, *lv denied* 72 NY2d 923), we conclude that the error is harmless (*see, People v Matusak,* 206 AD2d 903, *lv denied* 84 NY2d 908; *People v Barber,* 179 AD2d 1002, 1003, *lv denied* 79 NY2d 997).

The court did not abuse its discretion in limiting defendant's cross-examination of a prosecution witness. Defense counsel "was given considerable latitude to cross-examine that witness concerning [her] potential bias" (*People v James,* 191 AD2d 957, 959, *lv denied* 82 NY2d 720, *cert denied* 510 US 1077), and the court's ruling did not deny defendant "the right of effective cross-examination" (*Davis v Alaska,* 415 US 308, 318). Defendant's contention that the conviction is not supported by legally sufficient evidence is not preserved for our review (*see, People v Gray,* 86 NY2d 10, 19), and, in any event, lacks merit

(*see, People v Bleakley,* 69 NY2d 490, 495). The verdict is not against the weight of the evidence (see, *People v Bleakley, supra,* at 495).

Defendant contends that the affirmative defense to felony murder is unconstitutional because it shifts the burden of proof to defendant. That contention is unpreserved for our review (*see,* CPL 470.05 [2]; *People v Iannelli,* 69 NY2d 684, 685, *cert denied* 482 US 914), and, in any event, is without merit (*see, People v Bornholdt,* 33 NY2d 75, 82-86, *cert denied sub nom. Victory v New York,* 416 US 905; *see also, People v Howard,* 241 AD2d 920, 921, *lv denied* 90 NY2d 940). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Bristol, J.—Murder, 2nd Degree.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.