■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL LOPEZ, Appellant. [728 NYS2d 145] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered March 2, 1999, convicting defendant, after a jury trial, of aggravated criminal contempt, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

This appeal concerns the admissibility of out-of-court statements by a complaining witness who did not testify at the jury trial of defendant for aggravated criminal contempt. Since we find that each statement was properly found to be within an exception to the hearsay rule, we affirm.

On March 10, 1998 the Criminal Court of the City of New York issued a written order of protection directing that defendant have no contact of any kind with the complainant. Precisely two weeks later, in response to a 911 call reporting that a woman was being detained and beaten, the police arrived at an apartment where they found defendant and complainant. Defendant was shirtless and sweating. The complainant, 18 years old and three months pregnant at the time, was crying, appeared to be scared and had a bruise on her arm. By the time two other officers arrived moments later, the young woman had locked herself in one of the bedrooms. When she allowed an officer to enter the room, she was crying and appeared to have been assaulted. She informed the officer

that a verbal argument had escalated into physical attacks by defendant during which he punched and bit her. Defendant meanwhile was being questioned in a separate room. He appeared irrational and unstable; he cursed complainant and lunged at her when he was being removed from the apartment by the officers. After defendant's arrest, complainant was brought to the station house. Her injuries included swelling and discoloration to both eyes, a large and round discolored bite mark on her right forearm, and discoloration on her right shoulder and left forearm. When an ambulance arrived to bring complainant to the hospital, she reported to the emergency medical technicians that defendant had punched her in the head and bit her on the arms. This identification of her assailant and description of his assault was repeated at the hospital.

At defendant's trial, complainant's statements in the apartment to a police officer were admitted over defendant's hearsay objection. Out-of-court statements about startling events, made while the speaker's excitement persists, may be admitted to prove the matters asserted (*People v Brown*, 70 NY2d 513, 519-522; *People v Edwards*, 47 NY2d 493; *People v Marks*, 6 NY2d 67, *cert denied* 362 US 912). The "decisive factor" determining whether such statements are admissible is "whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" (*People v Edwards*, 47 NY2d at 497). Here, the statements in the apartment were made shortly after a physical attack and while complainant was still suffering from injuries. The surrounding circumstances establish that they were made "under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection" (*People v Brown*, 70 NY2d at 518).

Defendant did not object to the admission of complainant's medical records and his claim is unpreserved (CPL 470.05 [2]). Given the overwhelming evidence of defendant's guilt, there is no reason for this Court to reach this issue in the interest of justice. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.