THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WHITLATCH, Appellant. [742 NYS2d 752] —Appeal from a judgment of Monroe County Court (Connell, J.), entered December 1, 2000, convicting defendant after a nonjury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a bench trial of two counts of murder in the second degree (felony murder) (Penal Law § 125.25 [3]), and one count each of burglary in the first degree (§ 140.30 [2]) and robbery in the second degree (§ 160.10 [2] [a]). Defendant was sentenced as a second felony offender to concurrent terms of incarceration, the longest of which is 25 years to life.

Defendant contends that the evidence is legally insufficient to support the conviction of felony murder because the People failed to establish that he caused the victim's death. Even assuming, arguendo, that defendant's contention is preserved for our review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19), we conclude that the evidence is legally sufficient to establish that defendant's actions were "an actual contributory cause" of the victim's death (*Matter of Anthony M.*, 63 NY2d 270, 280). The evidence establishes that defendant came to the home of the 88-year-old victim and asked for bus fare. The victim invited defendant into his home and, when he turned away from defendant to retrieve some change, defendant pushed him to the floor and stole his wallet from his shirt pocket. The victim died in the hospital 40 hours later. The Deputy Medical Examiner who performed the autopsy testified at trial that the victim had two broken ribs on his right side, with significant bruising and swelling in the interior chest cavity on that side. The Deputy Medical Examiner opined that, although the victim suffered from severe heart and lung disease, among other ailments, the cause of death was "an abnormal heart rhythm which developed in the context of severe heart and lung disease which was precipitated by recent rib fractures." Here, "the medical evidence * * * supported the fact-finder['s] determination[] that defendant['s] acts were at least a contributing cause of" the victim's death (*id.* at 281). Rather than being a "merely probable connection between an assault and [a] death," defendant's actions "forged a link in the chain of causes which

actually brought about the death" (*id.* at 280 [internal quotation marks omitted]). In addition, the verdict with respect to felony murder is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention, the statements of the victim to the Lifeline monitor who responded to the alarm signal from the victim's emergency necklace were properly admitted by County Court under the excited utterance exception to the hearsay rule (*see People v Edwards*, 47 NY2d 493, 496-497; *People v Lopez*, 285 AD2d 356, 357, *lv denied* 96 NY2d 921). In addition, the victim's responses to questions from a firefighter and a police officer who responded to a 911 call were properly admitted under the excited utterance exception, as were the victim's responses to questions from a police officer upon the victim's arrival at the emergency room (*see Edwards*, 47 NY2d at 498-499). "Trial courts are accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal" (*People v Carroll*, 95 NY2d 375, 385). All of the statements were "the product of the declarant's exposure to a[n] * * * upsetting event that [was] sufficiently powerful to render the observer's normal reflective processes inoperative[,] preventing the opportunity for deliberation and fabrication" (*id.* [internal quotation marks omitted]; *see Edwards*, 47 NY2d at 499).

In view of the fact that defendant victimized an elderly citizen to obtain drug money, we conclude that the imposition of the maximum permissible sentences on the felony murder counts is not unduly harsh or severe. Finally, we reject the contention of defendant in the pro se supplemental brief that his written statement should have been suppressed as the product of trickery and false promises by the police (*see People v Walker*, 278 AD2d 852, 853, *lv denied* 96 NY2d 869; *see generally People v Gessner*, 188 AD2d 1079, *lv denied* 81 NY2d 1073). Present—Pigott, Jr., P.J., Hayes, Wisner, Scudder and Kehoe, JJ.