■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO JONES, Appellant. [778 NYS2d 401]—Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered June 27, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), robbery in

the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [2], [3]) and one count each of robbery in the first degree (§ 160.15 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that the evidence is legally insufficient with respect to the issue of identity (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Additionally, the verdict is not against the weight of the evidence (*see generally id.*).

Defendant further contends that County Court erred in refusing to suppress his statement to the police. We reject that contention. The record supports the court's determination that defendant was not in custody when he made the statement (*see generally People v Yukl,* 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]). Contrary to the contention of defendant, the jury charge, as a whole, reflected the correct legal principles, and he was not prejudiced as a result of the jury charge (*see People v Coleman,* 70 NY2d 817, 819 [1987]; *People v Williams,* 239 AD2d 922 [1997], *lv denied* 90 NY2d 912 [1997]). Also contrary to the contentions of defendant, he received effective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Davis,* 307 AD2d 722, 723 [2003], *lv denied* 100 NY2d 619 [2003]), and the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.