■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONICA SZLEKOVICS, Appellant. [796 NYS2d 794]—

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered October 24, 1997. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, kidnapping in the first degree, kidnapping in the second degree (four counts), burglary in the first degree (two counts) and assault in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]) and kidnapping in the first degree (§ 135.25 [3]), and two counts each of burglary in the first degree (§ 140.30 [2]) and assault in the first degree (§ 120.10 [1]). Defendant failed to preserve for our review her contention that County Court erred in directing her expert psychologist to prepare a writing for submission to the court (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contention of defendant, the court properly allowed the prosecutor to cross-examine her with respect to statements she made to that expert psychologist. " 'Trial courts are accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal' " (*People v Whitlatch*, 294 AD2d 909, 909 [2002], *lv denied* 98

NY2d 703 [2002], quoting *People v Carroll*, 95 NY2d 375, 385 [2000]). "Once a defendant voluntarily takes the stand, he [or she] has an obligation to testify truthfully" (*People v McGrath*, 46 NY2d 12, 21 [1978], *cert denied* 440 US 972 [1979]). Thus, even where the statements of a defendant are privileged or otherwise precluded by CPL 60.55, the defendant may open the door to the use of such statements for impeachment purposes when his or her testimony conflicts with such statements (*see People v Fardan*, 82 NY2d 638, 646 [1993]).

Contrary to the further contention of defendant, she was not deprived of her right to a fair trial on the ground that the prosecutor's theories advanced at her trial and that of her codefendant allegedly were irreconcilably inconsistent. The Court of Appeals previously rejected the identical contention of the codefendant on his appeal (*People v Mateo*, 2 NY3d 383, 401-404 [2004], *cert denied* — US —, 124 S Ct 2929 [2004]). Here, as in *Mateo*, "the prosecutor's actions did not breach defendant's right to a fair trial" (*id.* at 398).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.