# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1255**
**CAF 14-00618**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF ANDER G., III,
RESPONDENT-APPELLANT.

------------------------------

ONONDAGA COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

MEGGESTO, CROSSETT & VALERINO, LLP, SYRACUSE (JAMES A. MEGGESTO OF COUNSEL), FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (JOSEPH M. MILITI OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered August 28, 2013 in a proceeding pursuant to Family Court Act article 3. The order adjudicated respondent to be a juvenile delinquent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of manslaughter in the second degree (Penal Law § 125.15 [1]). We reject respondent's contention that the evidence is legally insufficient to support the finding that he caused the death of the victim. The evidence presented by the presentment agency established that, while participating in a "game" called "knockout," respondent and his accomplice each struck the victim with a blow to the head. Respondent's accomplice struck the first blow, after which the victim attempted to use his cell phone. Respondent then struck the victim with the second blow, and the victim immediately collapsed to the ground. According to the testimony of the Medical Examiner, the postmortem examination revealed that the victim sustained a tear or laceration of the left vertebral artery, the bleeding from which can cause immediate unconsciousness and essentially immediate death. In light of the sequence of blows and the surrounding circumstances, the Medical Examiner opined to a reasonable degree of medical certainty that the second blow was the cause of death. We reject respondent's further contention that the opinion of the Medical Examiner was legally insufficient because it was not set forth with absolute or scientific certainty (*see Matter of Anthony M*., 63 NY2d 270, 280-281; *see also People v Krotoszynski*, 43 AD3d 450, 451-452, *lv denied* 9 NY3d 962; *People v Whitlatch*, 294 AD2d 909, 909, *lv denied* 98 NY2d 703).

Viewing the evidence in the light most favorable to the presentment agency, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (*see generally People v Contes*, 60 NY2d 620, 621; *Matter of Gilbert B.*, 280 AD2d 1006, 1007).

Entered: November 21, 2014                    Frances E. Cafarell
                                              Clerk of the Court